MaddeN, Judge,
delivered the opinion of the court:
The plaintiff sues for $783 pay for unused leave which stood to his credit at the time he was separated from the Army. In 1938 he entered the Army as a Captain, Chap *63 lain, in the Reserve Corps. He was called to active duty in 1940, and was promoted to Major, Chaplain, on February 1,1942. On May 10, 1944, while serving on active duty, he submitted his resignation for the good of the service. On November 13, 1944, he was relieved from active duty and on December 1,1944, his resignation was accepted. In April 1945, the plaintiff filed with the Secretary of War’s Discharge Review Board an application for the review of his discharge. That Board considered his application and on October 23, 1945, the plaintiff was notified by the Acting Adjutant General that the Board had directed that the plaintiff’s resignation from the service be considered as hawing been under honorable conditions. On November 8,1945, he was given a Certificate of Service certifying that he had honorably served in active Federal service in the Army of the United States from December 1, 1940, to November 13, 1944.
When the plaintiff was released from active duty on November 13,1944, he was given no terminal leave, although he had fifty-three days of unused leave to his credit. If it had not been for the fact that his resignation “for the good of the service” made his release a release not “under honorable conditions” he would, under the law, and the practice of the Army at that time, have been given terminal leave for the fifty-three days, and the date of his release would have been fixed to coincide with the end of his leave, thus giving him his pay and allowances during his leave period. The basis of the plaintiff’s claim is that, because it was later decided by the Review Board that his separation should be considered to have taken place “under honorable conditions” he should be treated, in regard to leave, as if that decision had been in effect when he left the service.
There is much equity in the plaintiff’s claim. And he urges that it is legally well founded. He points to Section 1265 of the Revised Statutes, and the Act of May 8,1874,18 Stat. 43, as amended by the Act of July 29,1876,19 Stat. 102, pertinent parts of which we quote in a footnote.[1] He says *64 that, conceding for the purpose of the argument that the Secretary of War could have, in his discretion, denied leave to an officer who had earned it, the Secretary did not, in fact, exercise his discretion in this case. We suppose that the plaintiff means that the reason he did not get his leave was that, as things stood at the time of his separation from the service, he appeared not to be entitled to it under the law, and there was hence no occasion for the Secretary to exercise any discretion. After the nature of the plaintiff’s separation was changed by the action of the Review Board, and he applied for compensation equivalent to what his pay would have been for his leave period, he was refused compensation on the ground that the War Department had no authority to pay an officer for time which elapsed after he had been separated from the service. On this occasion again, the Secretary did not exercise any discretion against the plaintiff. The Department merely applied a general legal doctrine, the correctness of which it is not necessary for us to examine.
We think the plaintiff is right in his contention that the reason he did not get his leave and his pay was not that the Secretary of War in his discretion denied it to him, but was rather the accidental circumstance that, at the time of his release from the service, the Army took the position that his release.was dishonorable, and the law applicable to such releases was applied. But this position was reversed by the decision of the Review Board, and he was given a certificate wiping out nuno fro tuno the blot upon his service record. He is therefore in the position of having lost his earned leave, not because he was, in the discretion of the Secretary of War, denied it, but because the appearance of things at *65 the time of his release, which appearance was later decided to be erroneous, was that he was not entitled to his leave.
In the circumstances which we have recounted, we think the plaintiff is entitled to recover. We think the doctrine of Butler v. United States, 101 C. Cls. 641, is not applicable here. The court there concluded that the leave provided by Congress for civilian employees was intended as a “vacation for refreshment and recuperation” and not as a bonus upon separation from service. But this cannot be said of the leave provided by Congress for members of the Armed Forces. In our finding 8 we have quoted Paragraph 10 of Army ^Regulation 605-115 which was in effect at the time here pertinent and which provided in great detail for terminal leave for those leaving the service, including of course, those honorably discharged, as the plaintiff finally was, and was certified to be.
We think that the provisions of the statutes, long in force, which we have quoted, the Army Kegulations, and the, so far as we are advised, regular practice of the Army in giving honorably discharged officers the leave which stood to their credit, by fixing the date of their separation as that of the ■expiration of their terminal leave, gave to officers a vested right to have that leave, at least unless it was denied to them by the Secretary of War in the exercise of his discretion. It would be an unfortunate and unfair interpretation of the statutes and regulations that would result in denying to one honorably discharged officer valuable rights received by other honorably discharged officers, merely because of the circumstance that, at the time of his separation, there was a decision, later reversed as of the time of its making, that his separation was not in honorable circumstances.
The plaintiff urges, and the Government denies, that Section 5 of the Armed Forces Leave Act of 1946, 60 Stat. 965, 37 U. S. C. 34, was retroactive as to officers, and validates the plaintiff’s claim. In view of our conclusion that the law as it was at the time of the plaintiff’s separation gave the plaintiff a right to recover, we do not decide the question of the effect of the 1946 statute.
The plaintiff is entitled to recover. The entry of judg *66 ment will be suspended to await the filing of a report from the General Accounting Office showing the amount to which he is entitled.
It is so ordered.
Howell, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
In accordance with the above opinion and on a report from the General Accounting Office showing the amount due thereunder, it was ordered June 5, 1951, that judgment be entered for the plaintiff in the sum of $782.63.

 Revised Statutes, Section 1265 (in part) :
Officers when absent on account of sickness or wounds, or lawfully absent from duty and waiting orders, shall receive full pay; when absent with leave, for other causes, full pay during such absence not exceeding in the aggregate *64 thirty days in one year, and half pay during such absence exceeding thirty days in one year.
The Act of May 8, 1874, 18 Stat. 43, as amended by the Act of July 29, 1876, 19 Stat. 102 (in part) :
Leave of absence with pay allowable to officers. All officers on duty shall be allowed in the discretion of the Secretary of War, sixty days’ leave of absence without deduction of pay or allowances: Provided, That the same be taken once in two years: And provided further, That the leave of absence may be extended to three months, if taken once only in three years, or four months if taken only once in four years.