## TERRY v. UNITED STATES.

### No. 48615.

United States Court of Claims.

Nov. 6, 1951.

Mahlon C. Masterson, Washington, D. C., for the plaintiff. Joseph B. Kennedy, Jr., and Ansell & Ansell, Washington, D. C., were on the briefs.

R. W. Koskinen, Washington, D. C., with whom were Asst. Atty. Gen. H. G. Morison and Acting Asst. Atty. Gen. Newell A. Clapp, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

PER CURIAM.

On page 807 of 97 F.Supp., opinion dated June 5, 1951, the court used the following language: "* * * The Act of 1946 [37 U.S.C.A. § 31a et seq.] entitled him on that date to receive payment in cash, computed at the rate of pay and allowances then being drawn, for all leave accrued as of August 31, 1946 (including leave carried forward from prior to the date of the Act), in excess of 60 days and up to 120 days."

 What the court intended to do was to compensate plaintiff for that leave for which he was entitled to receive leave settlement bonds on August 31, 1946, and which bonds were not issued in accordance with that Act. It was not the purpose of the court to order the issuance of leave settlement bonds to plaintiff but to compensate him by a money judgment equivalent in value to the bonds wrongfully withheld by the Government.' 28 U.S.C. § 1491 (2).

The judgment intended to be entered for plaintiff is that amount which is equivalent to the value of the bonds that should have been issued plaintiff plus such cash payment of less than $25 as should have been made in compliance with Section 6(a)(2) of the 1946 Act.

 Inasmuch as plaintiff has had the use of neither the bonds nor a cash payment, the judgment should be computed to contain interest upon the amount of the bonds at the rate of two and one-half per cent per annum in compliance with Section 6(a)(2) of the 1946 Act from August 31, 1946, until September 1, 1947, the date provision for the conversion of such bonds into cash was made by Congress. 61 Stat. 510.

No interest should be included upon any cash payment required by Section 6(a)(2).

The previous opinion of the court is accordingly modified to the extent above set forth.

The plaintiff's and defendant's motions for a new trial are overruled.