### SCOTT v. UNITED STATES.
### No. 50335.

United States Court of Claims.
Decided Oct. 7, 1952.

---

1. Redesignated section 54.12, par. 8, of Title 44, Code of Federal Regulations, 41 U.S.C.A.Appendix. See 15 F.R. 1346, March 14, 1950.

Mahlon C. Masterson, Washington, D. C. (Burr Tracy Ansell, Washington, D. C., on the brief), for the plaintiff.

John I. Heise, Jr., Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

The plaintiff was retired in the rank of Lieutenant Commander of the United States Coast Guard on October 1, 1945, for physical disability. At the time and prior to his retirement his active-duty pay and allowances were at the rate of $662 per month. In this proceeding plaintiff seeks to recover the amount of his active-duty pay and allowances of which he was in receipt up to the time of his retirement for a period of 120 days after October 1, 1945, less his retired pay, on the ground that he had accumulated that amount of leave at the rate of 30 days a year and such leave was illegally denied him by the Commandant of the United States Coast Guard, by direction of the Secretary of the Navy.

The parties have signed and filed a stipulation of facts and have submitted certain official documents having reference to plaintiff's retirement and his claim herein. The stipulation sets forth (1) that during the period from October 1, 1941, to October 1, 1945, the plaintiff had accumulated 120 days' leave, exclusive of sick leave, at the rate of 30 days a year; (2) that on October 1, 1945, the date of his retirement, plaintiff had to his credit 120 days' unused leave, exclusive of sick leave; (3) that plaintiff was not granted any terminal leave at the time he was released from active duty and placed on the retired list on October 1, 1945, or at any time thereafter, nor was he granted any compensation in lieu of such unused leave; and (4) that at no time prior to October 1, 1945, did plaintiff receive other than active-duty pay and allowances.

From November 1, 1941, to December 29, 1945, the Coast Guard operated, pursuant to Executive Order 8929, 14 U.S.C.A. § 1 note, as a part of the Navy subject to the orders of the Navy.

On April 25, 1945, an order was issued by the Commandant of the Coast Guard and sent to plaintiff in the form of a letter stating in part that "You are detached from all duties previously assigned you and placed in a status of awaiting orders pending action on the proceedings of the retiring board held in your case." Paragraph 5 of this letter informed plaintiff that "In accordance with the decision of the Comptroller General all accumulated leave is cancelled upon the effective date of an officer's retirement. During the period you are awaiting retirement, you are entitled to accept civilian employment and wear civilian clothes at your option."

As above stated, the defendant admits that plaintiff was not specifically given any leave, exclusive of sick leave, prior to October 1, 1945, the date of his retirement; that on the date of his retirement plaintiff had to his credit 120 days of unused leave, and that "all leave accumulated at the time of retirement was cancelled by action of the Secretary of the Navy." Plaintiff's leave was accumulated during the period of National Emergency and War, October 1, 1941, to October 1, 1945.

Section 1265, Revised Statutes, 10 U.S.C.A. § 841, provides as follows:

"Pay of officers during absence from duty generally. Officers when absent on account of sickness or wounds, or lawfully absent from duty and waiting orders, shall receive full pay; when absent with leave, for other causes, full pay during such absence not exceeding

in the aggregate thirty days in one year, and half pay during such absence exceeding thirty days in one year. When absent without leave, they shall forfeit all pay during such absence, unless the absence is excused as unavoidable."

The Act of July 29, 1876, 19 Stat. 102, 10 U.S.C.A. § 842, provides as follows:

"Leave of absence with pay allowable to officers. All officers on duty *shall be allowed in the discretion of the Secretary of War,* sixty days' leave of absence without deduction of pay or allowance [Italics ours]: *Provided,* That the same be taken once in two years; *And provided further,* That the leave of absence may be extended to three months, if taken once only in three years, or four months if taken only once in four years."

Section 865, U.S.C.A. Tit. 34, Act of March 3, 1899, 30 Stat. 1004, 1007, provides:

"Allowances; commissioned officers generally. Commissioned officers of the Navy shall receive the same allowances, except forage, as provided by or in pursuance of law for the officers of corresponding rank in the Army."

Section 121, U.S.C.A. Tit. 14, Act of May 18, 1920, 41 Stat. 601, 603, provides:

"Commissioned officers, warrant officers, petty officers, and other enlisted men of the Coast Guard shall receive the same pay, allowances, and increases as now are, herein are, or hereafter may be prescribed for corresponding grades or ratings and length of service in the Navy. * * *"

Article 1937 (1) of the Regulations of the Coast Guard provides for 30 days' leave for officers for each fiscal year with an accumulation not to exceed 120 days, but Article 1935 of the Regulations of the Coast Guard, 1940 Edition, provides, as follows:

"Leave of absence, liberty, and permission to leave the United States while on leave of absence, will be granted to officers and men in accordance with instructions issued by the Commandant. *Any or all leave may be denied by the leave-granting authority.* Laws under which leave of absence is regulated are not authority to grant leave, but impose restrictions with regard to pay when in the leave status." [Italics supplied.]

As we read the statutes and regulations relating to leave of absence including terminal leave of an officer before the effective date of his retirement, such leave may be had only in the discretion of the Secretary or head of the department concerned. This appears to have been the long continued interpretation which the military and naval establishments and the Coast Guard have placed upon the provisions of the Act of July 29, 1876, supra, and the regulations of these departments have provided that such leave "may be granted" instead of providing that the officer "shall be entitled" or "shall be granted" such leave. See Par. 10 of Army Regs. 605–115, June 17, 1944.

■ In the present case the record shows that while the Secretary of the Navy did not specifically or expressly grant the plaintiff terminal leave from the date he was placed in a status of awaiting orders pending action on the proceedings of the Retiring Board, which had been held in his case, the plaintiff's evidence is not conclusive that the Secretary specifically denied the plaintiff any leave. Plaintiff was discharged from the hospital on January 4, 1945, and ordered to sick leave, and shore duty only. He appeared before the Retiring Board of the Coast Guard on April 20, 1945, and, on April 25, was placed in a status of awaiting orders pending action on the Retiring Board proceedings. The Retiring Board must have had a copy of this order. The Board submitted its decision to the President, recommending that plaintiff be placed on the retired list for physical disability, so that plaintiff's retirement became effective October 1, 1945, the first day of the month next following the date of the President's approval of the action of the Retiring Board. Act of April 23, 1930, 46 Stat. 253, 5 U.S.C.A. § 47a. The period between the date of April 25, 1945, when plaintiff was placed in a status

of awaiting orders, and October 1, 1945, was 158 days. We cannot say from the record in this case that this period was not regarded by officials concerned as a period of leave during which plaintiff should receive active-duty pay and allowances. In the first sentence of paragraph 5 of the orders issued to plaintiff on April 25, 1945, hereinbefore quoted, the Commandant of the Coast Guard acting under direction of the Secretary of the Navy, evidently had in mind the decision of the Comptroller General of October 10, 1944, 24 Comp.Gen. 291, 294. In the second sentence of paragraph 5 of these orders, also quoted above, the Commandant may have had in mind the opinion of the Comptroller General of September 15, 1943, 23 Comp.Gen. 193–195, in which the Comptroller General held that in a case such as this the period elapsing between the date of discharge from a hospital and return home to the date specified in the orders relieving the officer from all active duty, may be considered tantamount to a period of leave of absence.

The plaintiff relies upon the decision of the court in Whelpley v. United States, 119 Ct.Cl. 56, but that case is clearly distinguishable on the facts. In that case the court held that the reason the officer involved did not get his leave and his pay was not that the Secretary of War in his discretion denied it to him, but was rather the accidental circumstance that, at the time of his release from the service, the Army took the position that his release was dishonorable. The court further held that an officer was entitled under the statutes and regulations to leave standing to his credit, "unless it was denied by the Secretary of War in the exercise of his discretion." In our opinion the statute and regulations make the matter of the granting of leave of officers in the military service discretionary with the Secretary or the head of the department concerned, and we know of no statute or rule of law under which this court has authority to review the exercise by such official of his discretion.

The plaintiff is not entitled to recover; defendant's motion for summary judgment is allowed and plaintiff's petition is dismissed. It is so ordered.

JONES, C. J., and HOWELL, MADDEN and WHITAKER, JJ., concur.