Harold C. WATERS
v.
The UNITED STATES.
No. 194-52.

United States Court of Claims.
May 1, 1956.

Calvin H. Childress Washington, D. C., Fred W. Shields and King & King, Washington, D. C., on the brief, for plaintiff.

Lino A. Graglia, New York City, with whom was Geo. S. Leonard, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDFN and LARAMORE, Judges.

JONES, Chief Judge.

This is a suit for the cash value of unused leave which accumulated while plaintiff was serving during World War II, under an appointment as a temporary commissioned officer, with the rank of lieutenant.

Prior to that time he served in the United States Coast Guard as an enlisted man with the rating of chief gunner's mate.

His temporary appointment was made on February 20, 1942, and he served as commissioned officer until June 24, 1946, when his temporary appointment was terminated. At that time he had been credited with 131 days of unused, accumulated leave, of which he used only 20 days.

Before the temporary commission was terminated, he was given the choice of continuing as a temporary officer on terminal leave until his accumulated terminal leave had been used up, or in the alternative, of having the commission terminated on June 24, 1946, so that he could at once reenlist in the Regular Establishment at his previous permanent enlisted status, that of chief gunner's mate. He chose the latter, and was accordingly discharged, was paid a travel allowance of $158.55, a mustering-out pay of $300, and a reenlistment allowance

of $250, he having immediately reenlisted June 25, 1946.

At the time plaintiff's temporary commission was ended, an officer's leave-of-absence privilege was governed by section 842 of 10 U.S.C.A. Act of July 29, 1876, 19 Stat. 102, which is as follows:

"§ 842. *Leave of absence with pay allowable to officers.* All officers on duty shall be allowed, in the discretion of the Secretary of War, sixty days' leave of absence without deduction of pay or allowance: *Provided,* That the same be taken once in two years: *And provided further,* That the leave of absence may be extended to three months, if taken once only in three years, or four months if taken only once in four years."

The same provisions as to leave are applicable to officers of the Coast Guard —section 8, Act of May 18, 1920, 41 Stat. 603 [1].

We quote from the case of Ferrer v. United States, Ct.Cl., 140 F.Supp. 954, 956, 957:

"Prior to the enactment of the Armed Forces Leave Act of 1946, 60 Stat. 963 [37 U.S.C.A. § 31a et seq.], leave of absence might be granted or withheld in the discretion of the appropriate military secretary. Leave was uniformly held by the military service to be a privilege rather than a right. Scott v. United States, 107 F.Supp. 846, 123 Ct.Cl. 547; Terry v. United States, supra [97 F.Supp. 804, 120 Ct.Cl. 315]. Thus, since plaintiff was not granted the leave, he was not entitled to it unless provision was made in the Armed Forces Leave Act of 1946, supra, or some other act which authorized payment for leave not asked for or granted. The Armed Forces Leave Act of 1946, supra, provided that enlisted men discharged prior to September 1, 1946, could be compensated for leave which Congress considered had accrued to them. However, it was not until an

1. Now 14 U.S.C.A. § 461.

amendment of that act on August 4, 1947, 61 Stat. 748 [37 U.S.C.A. §§ 33, 33a, 38], that officers, discharged as plaintiff was, were entitled as a matter of permanent right to be compensated for leave accrued but not taken prior to separation. That act does not provide compensation for accrued leave for officers discharged prior to August 31, 1946."

We do not think the cases of Whelpley v. United States, 119 Ct.Cl. 56, and Terry v. United States, 97 F.Supp. 804, 120 Ct.Cl. 315, are applicable.

Plaintiff was given a free choice. He could remain as a temporary officer until his leave was used up and take chances on an opening at that time for enlisted men of his permanent status, or he could immediately reenlist at the opening which was then available. Manifestly, he could not draw pay both as an officer and an enlisted man at the same time. This was prohibited by statute. 5 U.S.C. A. § 58.

The act of August 31, 1946, which provided for payment in cash for unused leave was enacted after plaintiff's discharge as a temporary officer and reenlistment as chief gunner's mate. That act was made retroactive as to enlisted men only. Otherwise it was prospective. This is shown not only by the specific provisions of the act, but by the Senate Committee report filed in connection with the bill prior to its passage.

The orders revoking plaintiff's appointment as a commissioned officer stated that the action was taken for the convenience of the Government in order to conform with budgetary restrictions, that the temporary commission would be canceled June 24, 1946, that if he reenlisted at or before that time he should have his permanent enlisted status, but if not, the revocation of his temporary commission would be effective as of October 19, 1946. World War II had ended a few months before. Naturally, adjustments were to follow. There were thousands of officers with temporary commissions, as shown by the official records.

Evidently, plaintiff did not want to take the chance of a position as chief gunner's mate not being available at the time his terminal leave would be used up, to wit, on October 19, 1946. If he reenlisted he was entitled to his rating as chief gunner's mate. The position was available at that time. It would seem natural that the military organization would prefer to have the advantage of the reenlistment of some of the temporary officers who had been proved by experience. It was not certain what the future would hold in store in the way of opportunity for securing men of this character. Consequently, the choice was given. Plaintiff chose to be discharged, and to reenlist as chief gunner's mate, which opportunity was open to him at that time. He chose to and did reenlist.

Under the law as it existed at that time, he was not entitled to the commuted value of his unused leave as an officer. He received his leave as an enlisted man.

The law, as it existed at the time of plaintiff's discharge and reenlistment, is clear. We have no choice but to follow the law as it was worded at that time.

The plaintiff's motion is denied, the defendant's motion is allowed, and the petition is dismissed.

It is so ordered.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.