**Julius H. SCHMIDT, Jr.**

v.

**The UNITED STATES.**

No. 398-67.

United States Court of Claims.

June 12, 1970.

Julius H. Schmidt, Jr., pro se.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

ON DEFENDANT'S MOTION AND PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

LARAMORE, Judge.

Plaintiff seeks to recover 21 days of accumulated leave computed on the pay of a Captain, allegedly due as the result of the correction of his military records. Defendant contends that plaintiff has been paid all that was due him under 10 U.S.C. § 1552, as the result of the correction of his military records. For the reasons stated below, we believe plaintiff is not entitled to recover.

Plaintiff was promoted to Captain, United States Air Force, on June 7, 1953. Having been twice passed over for promotion, he was discharged from his commission as Captain on December 8, 1961. Thereafter, on December 22, 1961, plaintiff enlisted in the Regular Air Force and, on February 1, 1963, he was promoted to Staff Sergeant. Plaintiff served on active duty until his retirement in the grade of Captain on April 30, 1964.

On July 1, 1968, plaintiff's military records were corrected by the Air Force Board for Correction of Military Records to reflect (a) *continuous* active duty as a Captain, United States Air Force, from June 7, 1953 to April 30, 1964, and (b) retirement in the grade

of Captain, United States Air Force, April 30, 1964.

When he was discharged from his commission as a Captain on December 8, 1961, plaintiff had accumulated 43 days of annual leave for which he was paid. When he was retired from the grade of Captain, Regular Air Force, on April 30, 1964, plaintiff had accumulated 38 days of annual leave for which he was paid.

Pursuant to the correction of plaintiff's military records, and as a consequence thereof, the Air Force Accounting and Finance Center computed the amount due plaintiff by crediting him with the difference in pay and allowances he would have received had he remained on *continuous* active duty in the grade of Captain until his retirement on April 30, 1964, and deducting therefrom the two payments previously made to plaintiff for 81 days of annual leave. Accordingly, plaintiff was paid the additional pay due him on the basis of the grade of Captain from December 8, 1961, to April 30, 1964, as adjusted, and was paid for 60 days of accrued annual leave in the grade of Captain.

On November 4, 1968, plaintiff made application to the Air Force Accounting and Finance Center for payment of an alleged balance of 21 days accumulated annual leave. The application was denied.

In our judgment, plaintiff has been issued a check for the full amount to which he is entitled.

Section 1552(c), 10 U.S.C. (1964 Ed.), provides with respect to claims incident to the correction of military records:

The department concerned may pay, from applicable current appropriations, a claim for the loss of pay, allowances, compensation, emoluments, or other pecuniary benefits, or for the repayment of a fine or forfeiture, if, as a result of correcting a record under this section, the amount

is found to be due the claimant on account of his or another's service in the Army, Navy, Air Force, Marine Corps, or Coast Guard, as the case may be. * * *.

Thus, it is seen that although section 1552 authorizes the Secretary concerned to pay amounts found to be due as the result of the correction of a military record, it does not specify the extent to which accrued annual leave shall be paid. The payment of any accrued annual leave in excess of 60 days is expressly prohibited, however, by 37 U.S.C. § 501(f) (1964 Ed.).[1] Section 701(b), 10 U.S.C. (1964 Ed.), further provides, in rather emphatic terms, that "[n]otwithstanding any other provision of law, a member may not accumulate more than 60 days' leave. * * *."

Plaintiff claims that had it not been for the administrative error committed by the Air Force, he would have taken his leave rather than have forfeited it. As a result, plaintiff continues, he is entitled to recover the pay of a Captain for 21 days of accumulated annual leave. We know of no authority and plaintiff does not refer us to any, for the proposition that an error committed by the government supports a recovery in direct contravention of an act of Congress. The proposition urged has not even the equities to commend it, when it is understood that the recovery sought would remunerate plaintiff in excess of that which he could have received had he served on continuous active duty as a Captain until April 30, 1964.

The facts in the instant case closely parallel those in Zeiger v. United States, 295 F.2d 915, 155 Ct.Cl. 353 (1961). While the *Zeiger* case involved a claim for accrued annual leave allegedly earned in a civilian position, its reasoning is apposite here. In *Zeiger*, the plaintiff, who had been suspended and removed from his civilian position, was credited upon reinstatement with 240 hours of annual leave which was the maximum of

---

1. 37 U.S.C. § 501(f) (1964 Ed.) reads as follows:

"Payment may not be made for leave in excess of 60 days upon discharge or retirement."

unused annual leave that could have been accumulated had he remained in service. 295 F.2d at 915, 155 Ct.Cl. at 356. The plaintiff sued for the value of 606 hours of leave he claimed he would have earned and used if not suspended. In dismissing the plaintiff's petition, we said:

> If plaintiff were paid for the 606 hours involved here, he would receive some $300 per year more than he would have received had he remained on the payroll, regardless of whether he used his current annual leave. [295 F.2d at 917, 155 Ct.Cl. at 357.]

The principle which the above language comprises is equally applicable to the case at hand. Had plaintiff actually served in accordance with his corrected military records, his payment would have been equal to that which he has already received, irrespective of whether he took leave. Indeed, a recovery by plaintiff now for 21 additional days of leave would constitute a second payment for those 21 days; would exceed that which he could have earned through normal service; would contravene the operative statutory language detailed above; and would reject the *Zeiger* principle in the instant situation. These varied obstacles to a recovery by plaintiff indicate with clarity that he has failed to state a cause of action upon which relief can be granted.

Plaintiff, in support of his claim, relies upon Whelpley v. United States, 119 Ct.Cl. 56 (1951); Terry v. United States, 101 F.Supp. 165, 120 Ct.Cl. 315 (1951); Ainsworth v. United States, 399 F.2d 176, 185 Ct.Cl. 110 (1968), and Egan v. United States, 158 F.Supp. 377, 141 Ct.Cl. 1 (1958).[2] However, these cases fail to advance plaintiff's cause. They are factually distinguishable from the instant case, and none involved a recovery for accrued annual leave in excess of the prescribed statutory maximum.

In accordance with the above, defendant's motion for judgment on the pleadings is granted, plaintiff's cross-motion for judgment on the pleadings is denied, and plaintiff's petition is dismissed.

2. Plaintiff also relies upon Vitarelli v. United States, 279 F.2d 878, 150 Ct.Cl. 59 (1960). The *Vitarelli* case was decided on the basis of Hynning v. United States, 141 Ct.Cl. 486 (1958), which was expressly overruled in Zeiger v. United States, 295 F.2d at 917, 155 Ct.Cl. at 357.