Military pay; promotion; active duty traini/ng compensation. — On January 31, 1975 the court issued the following-order :
Before cowen, OMef Judge, dureee, Senior Judge, and nichols, Judge.
“This case comes before the court on plaintiff’s motion for summary judgment and defendant’s cross motion for summary judgment. Upon consideration of the motions, the briefs of the parties, and oral argument by plaintiff pro se and counsel for defendant, the court finds:
“ (1) On June 11,1971, plaintiff’s appointment as a Captain in the Army Beserve was voided, but thereafter on April 27, 1972, his appointment was determined to be valid, and the previous action voiding the appointment was withdrawn.
“ (2) At the time plaintiff’s appointment was voided, he was assigned to an organized reserve unit and was receiving pay and other benefits for attending scheduled drills with his reserve unit. But for the voiding of plaintiff’s appointment, he would have been entitled to participate in ten regularly scheduled weekend drills and one two-week summer encampment with his assigned reserve unit. Defendant concedes plaintiff is entitled to a judgment of $1,857, representing basic pay which plaintiff would have received for the ten weekend drills and the two-week tour of summer camp.
“ (3) Prior to the voiding of his appointment, plaintiff had been ordered to 131 days’ active duty training in the U.S. Army Command and General Staff College, Fort Leavenworth, Kansas, from August 9 to December 17, 1971. As a *852 consequence of tlie voiding of Ms appointment, plaintiff did not receive tMs active duty training in 1971, but after Ms appointment was determined to be valid, lie was assigned to and did perform active duty training at the U.S. Command and General Staff College, Fort Leavenworth, Kansas, for a period of 131 days running from January 8,1973 to May 18, 1973.
“(4) Effective March 23, 1973, plaintiff was promoted to the grade of Major.
“ (5) Defendant concedes that plaintiff is entitled to credit for sixty-nine (69) retirement points for Ms retirement year ending June 4, 1972; this includes forty (40) points for weekend drills, fourteen (14) points for summer camp, and fifteen (15) points for a year’s active reserve membership. The parties have agreed that plaintiff’s records will be corrected to show Ms entitlement to these retirement points and that no judgment need be entered with respect thereto.
“Upon the foregoing conclusions of findings of fact, the court concludes as a matter of law:
“ (A) Plaintiff is not entitled to back pay on the ground that he would have been promoted at least one year earlier but for the voiding of his commission. As the court has many times held, the selection of an officer for promotion is a discretionary function, and we cannot on the facts before us postulate that the discretion to promote plaintiff would have been exercised favorably prior to the time he was actually promoted. Clinton v. United States, 191 Ct. Cl. 604, 423 F. 2d 1367 (1970).
“(B) Plaintiff is not entitled to recover compensation because he was denied the opportunity to attend the training course at Fort Leavenworth, Kansas, for 131 days in 1971. He actually attended the training course for 131 days in 1973, and payment of compensation because he was not allowed to attend the course in 1971 would amount to double recovery for the same service, Schmidt v. United States, 192 Ct. Cl. 420, 427 F. 2d 720 (1970). Plaintiff claims that if he had taken the training course in 1971, he would have been assigned to other active duty training in 1973, but the court concludes that the probability of such an assignment is so speculative that plaintiff has not shown himself entitled to recover on tMs particular claim.
*853 “(C) Since plaintiff is not entitled to recover compensation for the 131 days of active duty training in 1971, it follows that he is likewise not entitled to be paid for travel, per diem, subsistence, and quarters allowance that might otherwise have been paid for the 131 days.
“it is THEREFORE ordered that plaintiff’s motion for summary judgment is granted to the extent that judgment is hereby rendered in his favor for the sum of $1,857 but is otherwise denied.
“it is further ordered that defendant’s cross motion for summary judgment is granted in that defendant is absolved from any liability to plaintiff except for the $1,857 admittedly due him and for which judgment is hereby rendered in his favor.”