GreeN, Judge,
delivered the opinion of the court:
The well-known maxim that he who comes into equity must come with clean hands, or, as it is sometimes expressed, that he who has done iniquity shall not have equity, is peculiarly applicable to this case. As is said in 21 C. J. sec. 163, p. 182:
This maxim expresses rather a principle of inaction than one of action. It means that equity refuses to lend its aid in any manner to one seeking its active interposition, who has been guilty of unlawful or inequitable conduct in the matter with relation to which he seeks relief.
The facts stated in the findings show that the plaintiff was guilty of gross fraud on the Government in obtaining his certificate of entry, that when he paid the purchase price which he is now seeking to have refunded he had entered into a conspiracy with others to defraud the Government, and his entry was a part of the fraudulent acts agreed upon in this conspiracy. Pursuant to this conspiracy, plaintiff made an application for entry which was utterly false and in support of his application filed an affidavit which reeked with falsehood, all intended to deceive the Government officials and enable him to obtain the land described in the entry in a manner and for a purpose which he knew would prevent the entry from being approved if the real truth were known to the officers of the Government. The fraud of which plaintiff was *212 guilty did not simply relate to the matter as to which he seeks relief. It was intertwined therewith and inseparable therefrom.
It appears that the entry which plaintiff made was first canceled as having been erroneously allowed, and subsequently, upon application for refund, the Secretary of the Interior disallowed the claim on account of fraud in the application. Plaintiff contends that under the statute (Act of June 16, 1880, 21 Stat. 281) when an entry is canceled by reason of its having been erroneously allowed, the entryman is entitled to refund of the purchase money. Conceding this arguendo, it does not prevent the application of the legal maxim which controls the decision in this case. In all cases where this maxim is applied, the plaintiff or the party setting up a claim has a right either by statute or otherwise which he could maintain if only he came into court with clean hands. He is not obliged to prove his innocence; the defense must rest upon evidence showing the contrary. In this case the proof is more than ample.
Plaintiff’s petition must be dismissed and it is so ordered.
Whitaker, Judge; Williams, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.