**DAWSON et al. v. UNITED STATES.**

No. 48619.

United States Court of Claims.

Feb. 7, 1949.

L. G. Dawson, pro se.

Thomas L. McKevitt, of Washington, D. C., and A. Devitt Vanech, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, HOWELL, WHITAKER and MADDEN, Judges.

LITTLETON, Judge.

Plaintiffs brought this suit to recover $250,000 as damages for the alleged confiscation by defendant of sixteen lode (pumice) mining locations, including a mill site, in the Deschutes National Forest in Klamath County, Oregon.

From the allegations of the petition it appears, in substance, that prior to 1942 the plaintiffs had filed and established cer-

tain mining locations on public lands of the United States within the Deschutes National Forest in Klamath County, Oregon; that in 1942 an official of the National Forest Service filed with the Register of the General Land Office contests containing certain charges challenging the validity of plaintiffs' mining locations. It is alleged that these contests were based upon "sinister and fabricated allegations." It is further alleged that because of wartime difficulties plaintiffs were unable to produce their witnesses and evidence against the charges filed at the times and the places where the hearings were held by the Register of the General Land Office. Plaintiffs allege that the denial of their request for postponement of the final hearing in 1942 until after the termination of the war, or that the hearing be held at Chemult, Oregon, was not justified under the circumstances. Finally, it is alleged, in substance, that the decisions of the Register, the Commissioner of the General Land Office and the Secretary of the Interior, sustaining the protests and charges filed by the United States Forest Service, and holding the mining location claims involved to be invalid, were not in accordance with the facts and the law.

Although plaintiffs state their claim as being one for compensation "for mining location claims confiscated from the plaintiffs" by the defendant, it will be seen from the foregoing statement of the substance of the allegations of the petition that what the plaintiffs are really asking is that this court review the findings and decisions of the officials of the Department of the Interior and find that their mining locations on public land belonging to the United States were valid locations. Except under circumstances which are not present in this case under the allegations of the petition, this court does not possess such jurisdiction. Jones v. United States, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90; Reynolds v. United States, 292 U.S. 443, 446–449, 54 S. Ct. 800, 78 L.Ed. 1353; Page v. United States, 90 Ct.Cl. 207, 211, 212. There was no taking by defendant in a constitutional sense of any property of the plaintiffs; the locations were simply held to be null and void under the mining laws and regula-

tions, and there was no contract relation between the parties. If mining locations, such as are made the basis of this suit and which involve a possessory right in public land, are valid the locators are entitled to them and to carry on operations thereon, but a proceeding, if proper, to test the validity of such claims when denied by the proper and authorized officials of the Department of the Interior, acting pursuant to their authority, can only be brought in a Court having jurisdiction to give strictly equitable relief. There is no basis for a suit at law to recover damages based upon an alleged unwarranted and unjustified decision holding such mining locations to be invalid. A valid mining location is property, Elder v. Wood, 208 U.S. 226, 28 S.Ct. 263, 52 L.Ed. 464. The plaintiffs are either entitled to keep and operate the mining locations involved or they are not. Cameron v. United States, 252 U.S. 450, 40 S.Ct. 410, 64 L.Ed. 659; Hawley v. Diller, 178 U.S. 476, 488, 490, 20 S.Ct. 986, 44 L. Ed. 1157. Whether or not they are so entitled, when no other issue is present, is a question which this court does not have jurisdiction to hear and determine. Plaintiffs say, however, that they are not asking this court to review the determination of the officials of the Interior Department on the validity of their mining location claims, and consider that contest a closed case. If this be so, plaintiffs clearly have not alleged a cause of action.

█ Since we are without jurisdiction to determine the question upon which any enforceable right of plaintiffs can be predicated, it is unnecessary to discuss the allegation, at least implied, in the petition that the officials concerned in the decisions respecting their mining locations acted arbitrarily and capriciously. However, in view of the allegations of the petition we have examined the findings and decisions, and the authorities therein cited, of the Commissioner of the General Land Office, June 30, 1943, and of the Assistant Secretary of the Department of Interior, April 12, 1944 (58 L.D. 670), which are public official documents of which we may take judicial notice, and we find no justification for the conclusion alleged by plaintiffs that the written charges filed in the contest proceedings in which the locations were held to be void, were "sinister and fabricated" or that the Government officials concerned acted arbitrarily.

The defendant's demurrer to the petition is sustained and the petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL and WHITAKER, Judges concur.

MADDEN, Judge (concurring in the result).

I agree with the Court that the plaintiffs' petition should be dismissed. I would not decide, as I understand the Court to decide, that the Court does not have jurisdiction to review a decision of the Department of the Interior that mining locations are not valid locations. I think the decision in Jones v. United States, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90, was only that, under the Tucker Act, 28 U.S.C.A. § 41(20), relief against the United States was limited to the award of money judgments, and the Court could not make a decree for specific performance of a legal duty to issue a patent. I think it might be possible that departmental action could deprive the owner of a mining location of his legal rights and amount to a taking of his property, entitling him to compensation.

I do not, however, find any basis for any such claim in the plaintiffs' petition. They state that the contest was started by one Lyle Watts of the Forest Service with "sinister and fabricated allegations." They do not explain what the allegations were or wherein they were sinister or fabricated. They state a request to have the hearing of the contest postponed for the duration of the war, because their witnesses were either in the armed services or scattered over the country in the war effort. They do not say that they stated to the officials who were to hear the contest who those witnesses were or what they knew about the case. They say that they requested that the hearing be held at Chemult, Oregon, the site of the claim, where the plaintiffs' defense would be obvious without any witnesses, but that the hearing was held at Lakeview, Oregon. They say that the plaintiff Longfellow Garfield Dawson was engaged in war work in

California and did not attend the hearing, and it must be inferred from what they say that the other plaintiff did not attend the hearing either. They say that after the hearing, invalidation of these claims was recommended by the Register of Lands of Lakeview, Oregon, "not on the merits but because I did not offer any defense," and that the claims were then invalidated by United States Land Commissioner Fred Johnson; that the plaintiff L. G. Dawson then employed an attorney to appeal the case to the Secretary of the Interior; that the Acting Secretary upheld the invalidation of the claims "not on the merits of the case but for the reason no new evidence was offered."

The plaintiffs say that some of their records in the case were destroyed or lost but that "every word in this claim as stated by the plaintiffs is a part of the records of three high-ranking Government offices at Washington, D. C." They then request the Court to require the officials referred to in the petition to "furnish the Court of Claims a complete file of this case from start to finish, including every communication pertinent thereto."·

Unless we are willing to impute to public officials unfair conduct which the plaintiffs do not allege, I think we cannot spell out of this petition a cause of action based upon a denial of a fair hearing. The plaintiffs had, so far as appears, no right whatever to demand that the contest be postponed for the duration of the war. They had no right to dictate where the hearing should be held. Their absenting themselves from the hearing when it was held was their own affair, and they allege no valid reason for so doing, and, as to one of the plaintiffs, no reason at all. Their unelaborated statement that the contest was decided against them by the hearing officer merely because they did not offer any defense is hardly an allegation which we should take as a statement of fact. Besides, it is completely contradicted by the public records to which the petition refers, and which it asks the Court to require the Government to furnish, at least some of which have been furnished to the Court. These records show that much evidence was introduced at the hearing in support of the contest of the plaintiffs' mining claims, and a considerate review of the procedure and the evidence was made by the Commissioner of the General Land Office, and, upon appeal, by the Secretary of the Interior, both of whom decided with opinions which are public records, that the plaintiffs' claims were invalid.

Plainly there was no lack of fair hearing or due process. No mistake of law is alleged. I therefore agree that the petition should be dismissed.