**James W. CLINTON**

v.

**The UNITED STATES.**

**No. 424-69.**

United States Court of Claims.

April 17, 1970.

James W. Clinton, pro se.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen., William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

PER CURIAM:

The plaintiff is an Air Force Major on active duty. He filed his petition in this court *pro se,* and defendant moved to dismiss on the ground that the petition sought relief which this court did not have jurisdiction to grant, among

other things a declaratory judgment. United States v. King, 395 U.S. 1, 89 S. Ct. 1501, 23 L.Ed.2d 52 (1969). The motion asserts the further ground that there is no clear and concise statement of a monetary claim as required by Rule 35(a). Before the court could act on this motion the plaintiff moved for leave to amend. The proposed amendment clarifies the nature of the claim in several respects and among other things is quite clear that all the plaintiff is seeking is the difference between a captain's and a major's pay, with allowances, over an elapsed time of 10 months. The defendant objects to the motion on the grounds that the motion fails to comply with Rule 39(e), and further, that if amended, the petition would still be subject to dismissal for failure to comply with Rules 32 and 35.

Undoubtedly, the proposed amendment would not cure the formal defects in the petition. For example, the petition still is not simple, concise and direct as Rule 32(a) requires. However, the right of persons to represent themselves is well recognized as is also the practical impossibility that such persons can be expected to prepare pleadings according to the formal requirements that can be demanded of attorneys, no matter how many times they try. In Ruderer v. United States, 412 F.2d 1285, 1292, 188 Ct.Cl. 456, 468 (1969), we said:

> * * * As often with *pro se* plaintiffs, we have strained our proper role in adversary proceedings to the limit, searching this lengthy record to see if plaintiff has a cause of action somewhere displayed. * * *

■ We think the interests of justice here will be served if the motion for leave to amend is allowed since it does serve to clarify the nature of the plaintiff's claim, to an extent sufficient for the court to rule on it. The motion for leave to amend is, therefore, allowed.

■ Plaintiff's name was placed before three Selection Boards, appointed to select officers for promotion during the fiscal years 1967, 1968 and 1969. The first two Boards had before them derogatory material on plaintiff which they should not have considered, and passed him over. Learning of this, he made several applications to the Board for Correction of Military Records and received partial relief. The 1967 passover was expunged from his record and the objectionable material was removed. These actions presumably made it possible for plaintiff to be considered for 1969, as one who had been passed over only once, and for him, accordingly, to be selected then, as indeed he was. He wants us now to put him in the same position respecting pay that he would have been in had the 1967 Board selected him. Though actually selected by the 1969 Board he has been put already by some authority in the same position as if selected by the 1968 Board, and he claims only 10 months difference in pay.

Plaintiff does not allege anything to show that the Board for Correction of Military Records was arbitrary or capricious. Nealon v. United States, 175 Ct. Cl. 894, cert. denied, 385 U.S. 973, 87 S. Ct. 513, 17 L.Ed.2d 437 (1966). He has not put before us the full record of their decisions but they are explainable by this obvious proposition: It cannot be presumed that the first Board which considers an officer will select him, inasmuch as the function of selection is discretionary, and a man passed over the first time he goes before a Selection Board may be selected by the second.

This court has twice held that in awarding back pay we cannot postulate that a discretion to promote would be exercised favorably. Gearinger, Executor v. United States, 412 F.2d 862, 188 Ct.Cl. 512 (1969); Boruski v. United States, 155 F.Supp. 320, 140 Ct.Cl. 1 (1957). See, also, Tierney v. United States, 168 Ct.Cl. 77, 80 (1965), and cases cited. In the circumstances we agree with the defendant, that awarding plaintiff back pay, as if he had been selected by the 1967 Board, would be relief outside our power to give. Therefore, defendant's motion to dismiss is allowed and the petition is dismissed.