In this case plaintiff alleges that the Government has taken his property interest in 31 unpatented mining lode claims and 5 unpatented millsite claims without paying just compensation. Defendant has moved for partial summary judgment, asking us to dismiss plaintiffs claims regarding 26 of the unpatented mining lode claims and all of the unpatented millsite claims on the ground that as to them he has failed to state a claim upon which relief can be granted. Plaintiff opposes the motion. We hold for the Government.
The federal mining laws permit citizens to explore, discover, and extract valuable minerals from the public domain and to obtain title to lands containing such discoveries. See 30 U.S.C. § 22 et seq. (1976). In order to invest the locator with a right to possession, the land *964 subject to a mining lode claim must be mineral in character and there must be adequate mineral discovery within the limits of the claim. Cameron v. United States, 252 U.S. 450, 456 (1920). The location and patenting of nonmineral lands for millsites used or occupied for mining or milling purposes in connection with an associated mining lode claim is authorized by 30 U.S.C. § 42 (1976). The Secretary of the Interior is charged with seeing that valid claims are recognized, invalid ones eliminated, and the rights of the public preserved. United States v. Coleman, 390 U.S. 599, 600 n.1 (1968); Cameron, supra at 460.
Plaintiffs theory of a Fifth Amendment taking is dependent on a determination that he had a compensable property interest in the 31 unpatented mining lode claims and the 5 unpatented millsite claims he alleges were taken by the Government. Of the 31 mining lode claims, however, 26 have been declared null and void by the Interior Department. All five of the millsite claims have likewise been declared void. Plaintiff had the opportunity to participate in a hearing before the agency and to appeal the adverse decisions of the administrative law judge to the Interior Board of Land Appeals. We do not have the jurisdiction to review these administrative determinations. Patterson v. United States, 115 Ct. Cl. 348 (1950); Dawson v. United States, 113 Ct. Cl. 82, 81 F. Supp. 1021 (1949). Accordingly, plaintiff must be considered by us as having no property interest in these 26 mining lode claims and the 5 millsite claims.
Plaintiffs argument that we should exercise some type of ancillary jurisdiction to review the Interior Department determinations reveals a misapprehension about the basis of the Government’s motion. This court does not lack general jurisdiction to determine whether a mining claim was taken by the Government without the payment of just compensation. Thus, we have general jurisdiction over all the essential elements of plaintiffs claim. We do not, however, have the particular power to overturn the Interior Department’s conclusion that 26 of the mining lode claims allegedly owned by plaintiff and all of the millsite claims do not qualify as "claims” under 30 U.S.C. § 22 et seq. (1976), nor can we ignore such an administrative *965 conclusion. Congress has chosen to place authority to review these decisions of the Secretary of the Interior in the United States District Courts. See Administrative Procedure Act, 5 U.S.C. §§ 701-06 (1976); Patterson, supra, at 354. For this court to undertake a review of the validity of the claims declared void by the Interior Department would be to assume a function lodged elsewhere by Congress and never contemplated for this court. We decline to adopt that position. See Dawson, supra, at 84, 81 F. Supp. at 1022.[1]
Accordingly, it is ordered, upon consideration' of the submissions of the parties, but without oral argument, that defendant’s motion for partial summary judgment is granted. Those parts of plaintiffs petition that relate to the claims noted in the margin[2] are dismissed.

 Plaintiff did seek review of most of the adverse administrative determinations in the United States District Court for the District of Idaho, but later dismissed that suit voluntarily. He now says he dismissed the Idaho action on inadequate legal advice in order to centralize all proceedings in this court. Even if that be so, this court has no power to substitute itself for the District Court or to correct plaintiffs mistake.

 Millsite claims designated URA, W03. Pole A, Pole B, and Pole C. Mining lode claims designated as Pole No. 3, Pole No. 4, Pole No. 5, Pole No. 6, Pole No. 7, Pole No. 8, Pole No. 9, Pole No. 10, Pole No. 11, Pole No. 12, Pole No. 13, Pole No. 14, Pole No. 15, Pole No. 16, Pole No. 18, Pole No. 21, Pole No. 31, URA No. 2, URA No. 4, URA No. 5, URA No. 9, URA No. 10, URA No. 11, URA No. 13, URA No. 14, and SHE.