This is a request for interlocutory review of a trial judge’s order requiring the plaintiff, The Church of the Visible Intelligence That Governs the Universe, to obtain an attomey-at-law to represent it within 60 days or to have its suit dismissed. The action was brought under Internal Revenue Code section 7428 for a declaration of tax-exempt status under section 501(cX3) of the Code. 26 U.S.C. §§ 7428, 501(c)(3) (1976) (amended Supp. II, 1978). The trial judge noted that the Internal Revenue Service held plaintiff not to be an unincorporated association. Mr. Richard Thomas Rutherford, who presents himself as minister of the Church of the Visible Intelligence and who is not an attorney, seeks to reprensent the Church in this proceeding. The issues now before the court are whether the interlocutory appeal has been properly brought and, if so, whether Mr. Rutherford *530 may represent the Church even though he is not an attorney.
Although this request for interlocutory review does not meet the strict requirements usually imposed for such review, we follow the practice of the court in being lenient with plaintiffs appearing without legal representation. E.g. Clinton v. United States, 191 Ct. Cl. 604, 423 F.2d 1367 (1970); Hodges v. United States, 213 Ct. Cl. 700 (1977). Here, plaintiff filed its "response to ruling on motion by court” 71 days after the trial judge issued his order, rather than within 10 days as required by Rule 53(cX3Xi)- Defendant objects also that the plaintiff has not made a formal showing of "extraordinary circumstances” under which further proceedings would "irreparably injure” it, as required by Rule 53(c)(2)(ii).
We do not approve of plaintiffs long delay in filing its response, especially in the absence of any indication that it spent that time looking for an attorney as called for by the trial judge’s order. We note, however, that, had the trial judge dismissed the case within 60 days as cautioned, plaintiffs "response” would constitute a timely appeal from a dispositive order under Rule 54, without any other change in the status of the case. We consider that dismissal of the suit would irreparably harm plaintiff, and at the present stage we require no further showing of the extraordinary circumstances that would result in such irreparable injury in this unique case other than plaintiffs apparent conscientious objection to having the Church of the Visible Intelligence represented through an attorney.[1] The court appreciates defendant’s having supplied the papers required by plaintiff in Rule 53(cX3)(ii), and, noting that defendant has not shown prejudice from this plaintiffs untimely and incomplete appeal, we will allow the request for interlocutory review to be filed and shall act on it.
Turning to the merits of the issue, we see that the trial judge agreed with the defendant, on the basis of 28 U.S.C. § 1654 (1976) and International Institute for Fundamental Studies, Inc. v. United States, 222 Ct. Cl. 626 (1980), that plaintiff church must be represented, by an attorney. *531 However, the rule of law on which the trial judge relied applied to corporations and has not yet been construed by this court to apply to parties who, although perhaps not individuals in the strictest sense, are not corporations either. All but one of the cases cited in defendant’s brief and in International Institute, where plaintiff was a non-profit corporation, involved corporations.[2] The rule may but does not necessarily seem to apply with stringency to all other organizational structures. The Ninth Circuit has permitted a non-attorney partner to represent his partnership when, under local statute, each partner had a specific right in the partnership’s property. See United States v. Reeves, 431 F.2d 1187 (9th Cir. 1970).[3]
Defendant assumes that the rule for corporations applies here, but that assumption may be unfounded. Corporations differ from non-corporate organizations in that the former are legal entities with a legal personality of their own. Moreover, the present plaintiff appears to be a very small organization which (if it has . any members other than Mr. Rutherford) has very few participating individuals. Plaintiff is clearly not a corporation, and unlike a corporation, the Church of the Visible Intelligence may or may not be the sort of separate legal entity that normally requires representation by an agent who is an attorney. Accordingly, we need supplemental briefs on the question of whether organizations such as the Church of the Visible. Intelligence That Governs the Universe (that are neither corportions nor human individuals and may involve a very limited number of members) may be entitled to representation *532 through interested individuals who are not attorneys-at-law.
it is therefore ordered that plaintiffs request that we afford an interlocutory review of the trial judge’s order is granted, and the parties are requested to file the supplemental briefs described above within 20 days from the date this order is served. There shall be no opportunity to file reply briefs. After the filing of the requested supplemental briefs, the court will dispose of the request for interlocutory review on its merits.
February 20,1981
Under our order of December 12, 1980, the court has received supplementary briefs on the issue of whether the plaintiff, The Church of the Visible Intelligence That Governs the Universe (church), may be represented in this court by Richard Thomas Rutherford, the founder of the church, even though he is not an attorney. We can now address the merits of this issue, which arises on interlocutory review of the trial judge’s order requiring the church to obtain an attorney or to have its suit dismissed.[1]
The defendant argued below, and the trial judge held, on the basis of 28 U.S.C. § 1654 (1976) and International Institute for Fundamental Studies, Inc. v. United States, 222 Ct. Cl. 626 (1980), that the church must be represented by an attorney. However, as we noted in our previous order, "the rule of law on which the trial judge relied applies to corporations and has not yet been construed by this court to apply to parties who, although perhaps not individuals in the strictest sense, are not corporations either.”[2]
The rule that a corporation must be represented by an attorney is a long-standing one, and it has been followed by this court. E.g. International Institute, supra; Algonac Mfg. Co. v. United States, 198 Ct. Cl. 258, 458 F.2d 1373 (1972). *533 That rule is based in large part on the legal status of the corporation as an entity separable from the individuals who participate in its functioning and whose interests are therefore not the same as the corporation’s. See Strong Delivery Ministry Ass’n v. Board of Appeals of Cook County, 543 F.2d 32, 34 (7th Cir. 1976).
But the mere fact that for some purposes an organization is a legal entity with an existence of its own does not necessarily require an extension to it of the rule applied to corporations. For example, in California (which is plaintiffs domiciliary state) a corporation must be represented in court by an attorney, but a partnership may apparently be represented by a non-attorney partner. Compare Paradise v. Nowlin, 86 Cal. App. 2d 897, 195 P.2d 867 (1948), and see discussion in Merco Constr. Eng’rs, Inc. v. Municipal Court, 147 Cal. Rptr 631, 581 P.2d 636 (1978) (corporations) with United Savings and Loan Ass’n of Cal. v. Hoffman, 30 Cal. App. 3d 306, 311-12, 106 Cal. Rptr. 275, 278-79 (1973). This is so even though partnerships, like corporations and unincorporated associations, are separate legal entities for purposes of their ability to sue and be sued.[3] The rationale for the rule permitting representation of a partnership by a non-attorney partner rests on the nature of a partner’s interest in the partnership property. Where partners have a specific right in all partnership property, as they do under California law,[4] a partner can be said to be "pleading his own case” when he represents the partnership. E.g. United States v. Reeves, 431 F.2d 1187, 1188 (9th Cir. 1970) (holding based on partnership law in Alaska).[5]
In the case before us, we do not know exactly what Mr. Rutherford’s interest is in the unincorporated church he seeks to represent. The organizational nature of the church is precisely one of the significant matters in issue in the *534 underlying case, in which the plaintiff seeks a judgment under Internal Revenue Code section 7428 declaring that it be given tax exempt status under § 501(c)(3) of the Code. 26 U.S.C. §§ 7428, 501(c)(3) (1076) (amended Supp. II, 1978). The church seeks assistance in this court because, as the trial judge points out, the Internal Revenue Service held the church not to be an unincorporated association since it found that only Mr. Rutherford signed the Articles of Association. If the church consists only of Mr. Rutherford and his revelation — as he comes close to suggesting in his reply brief on this interlocutory review — then the interests of the church and of Mr. Rutherford may be so completely inseparable that in representing the church he is representing himself. If such were clearly the case, pro se representation should be granted, but the plaintiff would probably lose on the merits of its claim for exemption. However, at this stage in the litigation, we do not know precisely what the structure of the church is. (The plaintiff claims to consist of more than one member but its papers mention and suggest no more than three persons.) The rights and duties of the members of an association are determined by the terms of the constitution and by-laws. E.g. American Society of Composers, Authors & Publishers v. Superior Court, 24 Cal. Reptr 772, 207 Cal. App.2d 676 (1962). Thus, the interests of the members cannot be fully ascertained without reference to its internal regulations.[6] As a result, there is, at least in principle, no way to know the interests of the members without examining the nature of the organization itself.
At his stage, it is unnecessary and would be inadvisable to announce a different pro se rule for incorporated than for various kinds of unincorporated organizations when there may or may not be such an organization before us, and we do not know the kind and extent of the alleged organization or association.[7] We nevertheless allow Mr. Rutherford to represent the plaintiff in this most unusual case. We do so *535 because we do not know precisely what the nature of the church is and believe that justice will be better served by deciding this organizational issue in the context of the § 501(c)(3) adjudication rather than here. We recognize that the church might prove to be precisely the sort of organization that, like a corporation, ought to have been represented by an attorney. We also must consider, however, that pro se representation would have been warranted if the Internal Revenue Service’s finding that the church is not an association is affirmed, or perhaps even if the structure of the church places the interests of its members somewhere in between — as if it were a not-for-profit, very small partnership. In allowing Mr. Rutherford to appear for the church we take into account not only the possibility that, once the nature of the church is defined in the context of resolving the § 501(c)(3) claim he might be entitled to appear, but also the absence of objections from any other members of the church there may be, Mr. Rutherford’s strenuous insistence on appearing pro se, the absence of prejudice (or a claim of prejudice) to the defendant, and the likelihood that, if the plaintiff follows the suggestion of the trial judge and the defendant, Mr. Rutherford could reenter the lists for the church against the Government in the Tax Court in any event.
Accordingly, the order of the trial judge is reversed and Mr. Rutherford is permitted to represent the plaintiff in the proceedings on the merits.
IT IS SO ORDERED.

 Plaintiff also invokes the Church’s financial straits.

 The one exception is Heiskell v. Mozie, 82 F.2d 861 (D.C. Cir. 1936). There the petitioner served as gn agent for an undisclosed principal in the negotiation of leases. The court construed a statute that was a precurser of 28 U.S.C. § 1664 to permit self-representation by "the parties in interest — the real, beneficial owners of the claims asserted in the suit” and not by their agents other than attorneys at law. The court examined the petitioner’s interest and found it to be insufficient to permit him personally to institute and conduct the suit (he was entitled to a 5% payment of any rents collected, so any interest he had in this case would not arise until after judgment).

 See, however, dictum in Turner v. American Bar Ass’n, 407 F. Supp. 451, 471. Turner is the first listed of eight cases from different districts all decided together, two of which were affirmed on appeal: Taylor v. Montgomery, 407 F. Supp. 451 (N.D. Ind. 1975), aff'd mem, 539 F.2d 715 (7th Cir. 1976), and Pilla v. American Bar Ass’n, 407 F. Supp. 451 (D. Minn. 1975), aff'd 542 F.2d 56 (8th Cir. 1976). Also see S. Stern & Co. v. United States, 48 Oust. Ct. 430, 49 Cust. Ct. 167, aff'd on somewhat different grounds, 331 F.2d 310 (C.C.P.A. 1963), cert. denied, 377 U.S. 909 (1964).

 Our order of December 12,1980, allowed the request for interlocutory review and stated that we would act on its merits after filing of the supplementary briefs called for by that order.

 There is no doubt that individuals who are not attorneys may represent themselves in this court. See, e.g. Ruderer v. United States, 188 Ct. Cl. 456, 412 F.2d 1285 (1969), cert. denied, 398 U.S. 914 (1970).

 Cal. Code of Civil Proc. § 388(a) (1972):
"any partnership or other unincorporated association, whether organized for profit or not, may sue and be sued in the name which it has assumed or by which it is known.”

 Cal. Corp. Code §§ 15024,16025 (1977).

 See, however, dictum in Turner v. American Bar Ass’n, 407 F. Supp. 451, 471. Turner is the first listed of eight cases from different districts all decided together, two of which were affirmed on appeal: Taylor v. Montgomery, 407 F. Supp. 451 (N.D. Ind. 1975), aff'd mem, 539 F.2d 715 (7th Cir. 1976), and Pilla v. American Bar Ass’n, 407 F. Supp. 451 (D. Minn. 1975), aff'd 542 F.2d 56 (8th Cir. 1976). Also see S. Stern & Co. v. United States, 48 Cust. Ct. 430, 49 Cust. Ct. 167, aff’d on somewhat different grounds, 331 F.2d 310 (C.C.P.A. 1963), cert. denied, 377 U.S. 909 (1964).

 Associations differ from corporations and partnerships in that the interests of the members are not as completely determined by statute. 7 C.J.S. Associations § 5 (1980). There are some governing statutes, of course. In California, see Cal. Corp. Code §§ 20000-20003,21000-21103 (West) (1977).

 The court has on occasion allowed nonattorney partners to represent partnerships. See e.g. Pfotzer v. United States, post at 645, in which there was no opposition to the plaintiffs’ pro se representation.