The plaintiff in this civilian pay case, representing himself, initially sought review, under the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111, (relevant sections codified at 5 U.S.C. §§ 1205, 2302, 4301, 7511-12, 7701, 7702), of an adverse determination by the Merit Systems Protection Board (MSPB) that it had no jurisdiction of his appeal. He later asked the court for a determination de novo. The Government asks us to dismiss the appeal and deny the request for a de novo determination, and if we consider the case, that we affirm the decision of the MSPB.
Plaintiff had a career conditional appointment beginning December 31, 1978, with the United States Fish and *880 Wildlife Service of the Department of the Interior in Albuquerque, New Mexico, at the GS-11, step 1 level, earning $20,611. In June 1979, he applied for a GS-9 position with the United States Army Europe (USAREUR), and received a transfer career conditional appointment in Kaiserslautern, Germany, effective October 29, 1979. The Albuquerque personnel office erroneously informed him at that time, in a notification of personnel action, that his pay would be set at the GS-9, step 8 level, at a salary of $21,011. He should have been place at step 7, for $20,443. The error was discovered after plaintiff arrived in Europe. On November 8, 1979, a corrected notification was sent him explaining that the initial salary specified by Albuquerque did not conform to applicable USAREUR pay-fixing policies. USAREUR regulations required that a transferee in plaintiffs position whose previous salary falls between two steps in the new job should be paid at the lower level (here, step 7) rather than the higher. USAREUR Supp. 1 to DA CPR 990-2, Change No. 3 (Feb. 1, 1978). An appropriate adjustment in his compensation was made.
Plaintiffs probationary period ended December 31, 1979. In December 1979, while still on probation, he appealed the pay-reduction to the Civilian Personnel Office (CPO) in Kaiserslautern, which denied the appeal. On January 31, 1980, plaintiff appealed formally to the MSPB. On October 21, 1980, after some intermediate steps not now relevant, plaintiff received a final order from the MSPB, denying his claim for lack of jurisdiction, holding that as a probationary employee at the time of the change in pay (November 8, 1979), he was not entitled to appeal to the MSPB. On November 5, 1980, he filed a petition for review in this court and on May 11, 1981 moved to amend his petition to seek de novo consideration as well. He alleges that the MSPB erroneously denied jurisdiction and also that the change in grade amounted to a breach of contract.
Whether or not the MPSB lacked all jurisdiction over plaintiffs claim because he was a probationary employee when the corrective action first occurred,[1] we hold that the *881 Board could not give Mr. Gulden any relief. The nature of plaintiffs claim was such that the MSPB could not upset it in any event. Most reductions in pay are considered adverse actions within the scope of the MSPB’s review. 5 U.S.C. §7512(4) (Supp. III, 1979) 5 C.F.R. 1201.3(a)(3) (1980). However, a reduction "from a rate which is contrary to law or regulation to a rate which is required or permitted by law or regulation,” 5 C.F.R. § 752.401(c)(10) (1980), is not an adverse action for purposes of review. This is the kind of reduction-in-pay plaintiff received, see our discussion supra and infra. Hence, the MSPB could not alter his pay even after he was no longer a probationary employee.
Mr. Gulden also seeks a direct determination by this court of his claim. Since he has filed pro se from Germany, apparently without access to an appropriate legal library, we will treat his initial appeal (in the light of his later motion) as one for a de novo determination, and will substitute the United States as the party defendant, although his papers do not meet all of the court’s formal requirements. See, e.g. Clinton v. United States, 191 Ct. Cl. 604, 605-606, 423 F.2d 1367, 1368 (1970); Hodges v. United States, 213 Ct. Cl. 700, 702 (1977). Then, assuming that the MSPB lacks jurisdiction and that we could entertain an original suit of this sort,[2] we hold that the plaintiff nevertheless could not succeed in this court.
Plaintiff has pointed to no error in the change in his pay — no violation of a statute or regulation — and we know of none, either in the substance of the correction or in the way it was made. The USAREUR regulation required that plaintiff be paid at the step 7 level, and there has been no suggestion that the regulation is invalid. Since an agency is required to abide by its regulations, see, e.g., Watson v. United States, 142 Ct. Cl. 749, 754, 162 F. Supp. 755, 757 (1958); McCallin v. United States, 180 Ct. Cl. 220, 233-34 *882 (1967), USAREUR could not normally have authorized that he be compensated at any other level. Thus it was appropriate that the error be corrected. The mistake in Albuquerque was unfortunate but under the controlling regulation it could not be accepted.
Plaintiff suggests that the situation be treated as if it were a breach of contract. He says that he accepted an offer to go to Germany to work at a certain salary but that, once he arrived, the Government changed the terms. Even if such an agreement might possibly ever constitute a valid, binding contract, a contract cannot bind the United States if the agent who entered into it lacked the authority to. do so. See, e.g., Federal Crop. Ins. Corp. v. Merrill, 332 U.S. 380 (1947); Propst v. United States, 226 Ct.Cl. 535 (1980). In this case, the Albuquerque official who informed plaintiff that he would receive compensation at step 8 had no authority to do so since the governing USAREUR regulation required compensation at step 7.
It is therefore Ordered, without oral argument, that the decision of the MSPB is affirmed and that the plaintiffs petition, treated as independently before us, is dismissed.
Plaintiffs motion for rehearing to amend judgment was denied December 4,1981.

 It may well be that the receipt of each new pay check at the lower rate gives rise to a new basis for appeal to the MSPB. In that event, after the probationary period ended, plaintiff might have been entitled to appeal from alleged continuing wrong in *881 the calculation of his pay-although monetary relief for loss prior to the appeal might well have been limited to the 20-day period before the appeal was filed. This is because timely appeal must be filed within 20 days of an adverse action. 5 C.F.R. § 1201.22(b) (1980). See, e.g. Friedman v. United States, 159 Ct. Cl. 1, 6-8, 310 F.2d 381, 384-385 (1962), cert. denied, sub nom. Lipp v. United States, 373 U.S. 932 (1963) (explaining that a cause of action may be based in certain circumstances on a continuing claim in this court).

 In view of the exclusion of claims by probationary employees from the authority of the MSPB.