835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Norman WHITE, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 87-3313.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1987.
 
 Before MARKEY, Chief Judge, RICH and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. DE07528610223 (petition for review denied, 32 M.S.P.R. 590 (1987)), affirming the administrative judge's dismissal for lack of jurisdiction of Norman White's (White's) appeal from the Department of the Air Force's (agency's) reduction of his grade and pay, is affirmed.
 
 OPINION
 
 2
 Contrary to White's argument, none of the cases cited to this court control this case. Unlike the situation found in all of those cases, White's change in grade and pay was never approved or ratified by an authorized agency officer. White does not dispute the board's conclusion that only Mr. Mabey could authorize White's promotion and that Mabey did not authorize a change in grade or pay. That Ms. Phillips erroneously signed the SF-50 is irrelevant because she had no authority to make personnel changes.
 
 
 3
 Though White is an "employee" under 5 U.S.C. Sec. 7511, and though most reductions in grade and pay are considered adverse actions within the scope of the MSPB's review, White was never promoted to GS-07 scale and thus his return to GS-05 scale does not constitute an adverse personnel action under 5 U.S.C. Sec. 7512 (1982) which could then be appealed to the board. See Gulden v. United States, 228 Ct.Cl. 879, 881, 882 (1981), citing Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947); Goutos v. United States, 552 F.2d 922, 924-25 (Ct.Cl.1976).
 
 
 4
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).