**Anthony PAYNE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Gerald W. BAUGHMAN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Nos. 94–129L, 94–130L.**

United States Court of Federal Claims.

Aug. 18, 1994.

Thomas P. Erwin, Reno, NV, for plaintiffs.

Marc A. Smith, with whom was Acting Asst. Atty. Gen. Lois J. Schiffer, Washington, DC, for defendant. Eric W. Nagle, U.S. Dept. of the Interior, and Stephen A. Banks, U.S. Dept. of the Navy, of counsel.

## ORDER

BRUGGINK, Judge.

This is an action brought under the Tucker Act for compensation for the alleged taking of plaintiffs' unpatented mining claims and millsites located on federal public lands. Pending is defendant's motion to dismiss, or, in the alternative, to stay this proceeding while the Department of the Interior Bureau of Land Management ("BLM") passes on the validity of the plaintiffs' claims. After oral argument, and for the reasons set out herein, the court denies the motion to dismiss and grants the motion to stay.

## BACKGROUND

For the purpose of ruling on the motions, the court assumes that the assertions of the complaint are correct. Plaintiffs are the owners of unpatented lode mining claims and millsites on federal lands in Churchill County, Nevada. The claims were located on various dates, beginning in 1984. Plaintiffs allege that they began to explore for deposits of precious metals. They determined the presence of such metals and began to exploit them. In 1991, plaintiffs submitted to BLM notices for proposed mineral exploration drilling. Shortly thereafter, BLM advised plaintiffs that their notices could not "be completed because your proposed activities are located within an area that has been closed to public access.... If you still wish to conduct your operation, we recommend that you contact the U.S. Navy directly to arrange for an ordnance sweep of the lands that are involved.... We will resume processing [the notices] after we have been informed by the U.S. Navy that the lands you wish to occupy are safe." Attached was a public notice to the same effect. BLM actions subsequent to this correspondence indicate its unwillingness to let plaintiffs on to the property. Plaintiffs claim that this closure constitutes a taking under the fifth amendment.

Defendant presents alternative motions. Its initial request is that this proceeding be stayed to permit a determination by BLM of the validity of the claims. If that procedure is rejected, defendant argues for dismissal under RCFC 12(b)(4) for failure to state a claim. No effort is made in defendant's briefing to advance the latter motion, however, and it is denied.

## DISCUSSION

It is essential in advancing a taking claim that a plaintiff establish that he is the owner of a compensable interest in property. *See Armstrong v. United States,* 364 U.S. 40,

44–46, 80 S.Ct. 1563, 1566–68, 4 L.Ed.2d 1554 (1960); *Oak Forest, Inc. v. United States,* 23 Cl.Ct. 90, 94 (1991). In the case of a holder of unpatented mining claims, this requires "a determination that he had a compensable property interest in the ... unpatented mining lode claims and the ... unpatented mill-site claims he alleges were taken by the Government." *Freese v. United States,* 221 Ct.Cl. 963, 964, 1979 WL 10420 (1979). Although a mining claim on public land is a "possessory interest in land that is 'mineral in character,'" *Best v. Humboldt Placer Mining Co.,* 371 U.S. 334, 335, 83 S.Ct. 379, 382, 9 L.Ed.2d 350 (1963), *quoting Cameron v. United States,* 252 U.S. 450, 456, 40 S.Ct. 410, 411, 64 L.Ed. 659 (1920), as defendant correctly points out, a finding that the unpatented claim is valid against the United States, in turn, can only be made "if there has been a discovery of mineral within the limits of the claim, if the lands are still mineral and if other statutory requirements have been met." *Best,* 371 U.S. at 336, 83 S.Ct. at 382. As phrased by the Supreme Court in *Cameron,* to make a claim valid, or to invest the locator with a right to the possession, it is required that the land "be mineral in character and that there be an adequate mineral discovery within the limits of the claim as located." 252 U.S. at 460, 40 S.Ct. at 412. No rights arise from an invalid claim. *Id.* An adequate mineral discovery is one that "would justify a person of ordinary prudence in the further expenditure of his time and means in an effort to develop a paying mine." *Id.* at 459, 40 S.Ct. at 412.

■ It is normally within the province of this court to determine questions of ownership as an incident to determining a takings claim. *Oak Forest, Inc.,* 23 Cl.Ct. at 94. Plaintiffs urge application of this general principle here. They contend that this determination is largely one of fact, and should be made by this court. Because the question of whether there has been a discovery of minerals sufficient under the mineral laws is not ripe for disposition, neither a stay nor summary disposition is appropriate.

■ The court disagrees. Mining claims, as a form of property, are *sui generis.* Congress has given the Department of Interior the power in the first instance to inquire into the validity of mining rights claimed against the Government. *See Cameron,* 252 U.S. at 461, 40 S.Ct. at 412–13. The agency's "province is that of determining questions of fact and right under the public land laws, of recognizing or disapproving claims according to their merits and of granting or refusing patents as the law may give sanction for the one or the other." *Id.* at 464, 40 S.Ct. at 414. *See also Aulston v. United States,* 823 F.2d 510, 513–14 (Fed.Cir. 1987) (suspending action pending effort in district court to reverse adverse agency action); *Freese,* 221 Ct.Cl. at 964–965 ("For this court to undertake a review of the validity of the claims ... would be to assume a function lodged elsewhere by Congress.").

The decision in *Best* is directly relevant. There the claimant made the argument that, because the Government initiated the controversy by filing a condemnation proceeding, the district court had the authority to determine the validity of the claims. The Court disagreed: "It is difficult to imagine a more appropriate case for invocation of the jurisdiction of an administrative agency for determination of one of the issues involved in a judicial proceeding.... [T]he District Court acted properly in holding its hand until the issue of the validity of the claims has been resolved by the agency entrusted by Congress with the task." *Id.,* 371 U.S. at 338, 340, 83 S.Ct. at 383, 384.

Plaintiffs argue that Department of Interior has not put the validity of their claims in issue. In the absence of a challenge to validity, they contend, the court must take at face value their assertion that the claims are supported by an adequate mineral discovery. The court rejects this argument for two reasons. First, defendant has filed the affidavit of Daniel L. Jacquet, Acting District Manager of BLM's Carson City, Nevada District. Mr. Jacquet has decided that BLM will conduct an examination of the validity of the mining claims at issue. If it concludes that the claims are not supported by adequate mineral discovery, it will initiate administrative contest proceedings.

Second, not issuing a stay now merely defers the issuance of one until a later point

**712**

in the litigation. Plaintiffs contend that their possessory interest was disturbed by the closure notice. Absent a concession by the Government that the claims are valid, however, a validity determination has to be made before plaintiffs could recover. If the claims are not valid, i.e., if they had no commercial value or were otherwise defective, plaintiffs could not recover. *See Freese,* 221 Ct.Cl. at 964. Whether raised affirmatively by plaintiffs or in defense by the Government, the issue of validity would therefore arise. When it did, the court would be in the same position it is now, i.e., unable to decide the question.

Although the court is sympathetic with plaintiffs' concerns about the possible length of the process of validity determination, that fact cannot create jurisdiction. Counsel for the Government represented that the process has begun and that plaintiffs' representatives will be allowed to participate in order to attempt to establish the validity of their claims. The court reads the correspondence attached to the briefing as a representation by BLM that the deferment of plaintiffs' obligation otherwise to do assessment work or pay rental fees will be ongoing until the closure is lifted or a determination of invalidity is made.

## CONCLUSION

The motion to dismiss is denied. The motion to stay is granted. This action is suspended, with the exceptions set forth below, pending final agency action on the issue of the validity of the claims, or, in the event plaintiffs challenge final agency action in district court, final action by the courts. Defendant is directed to file its answer on or before August 26, 1994. Defendant will also file a status report on or before February 16, 1995, or at an earlier date, if a significant stage in the administrative process is concluded.