47 F.3d 1183
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Darrell G. HAFEN, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5102.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1995.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 COWEN, Senior Circuit Judge.
 
 
 1
 Darrell G. Hafen appeals from the decision of the Court of Federal Claims, which granted the Government's motion for summary judgment and dismissed his claim seeking recovery of $10,000,000 for the alleged Fifth Amendment taking of his placer mining claims located in the Death Valley National Monument. Primarily, the court held that it lacked subject matter jurisdiction. The court also decided that the suit was barred by the six year statute of limitations, 28 U.S.C. Sec. 2501. Hafen v. United States, 30 Fed.Cl. 470 (1994). We affirm.
 
 BACKGROUND
 
 2
 Mr. Hafen recorded his claims with the Department of Interior on September 26, 1977, in the name of Imperial Gold Corporation of which he claims to be the sole owner. On June 28, 1978, the Bureau of Land Management issued a complaint contesting the validity of the claims and on December 9, 1980, an administrative hearing was held at which time Mr. Hafen as president of Imperial Gold Corporation appeared and presented evidence. On August 10, 1981, the administrative judge ruled that the claims were invalid, and on appeal, the decision was affirmed on May 28, 1982 by the Interior Board of Land Appeals (IBLA). United States v. Imperial Gold, Inc., 64 IBLA 241 (1982).
 
 
 3
 Mr. Hafen could have sought review of the decision by a district court under the Administrative Procedure Act but did not do so. On January 22, 1992, nearly ten years thereafter, Mr. Hafen filed a pro se action in the United States Court of Federal Claims seeking just compensation for the taking of his claims.
 
 I.
 
 4
 The Court of Federal Claims correctly held that it had no jurisdiction of Mr. Hafen's claim. It is well established that a plaintiff cannot maintain a suit alleging that the Government took his property without just compensation unless he can demonstrate his undisputed ownership of the property at the time of the taking. United States v. Dow, 357 U.S. 17, 20 (1958); Cavin v. United States, 956 F.2d 1131, 1134 (Fed.Cir.1992).
 
 II.
 
 5
 There is no doubt that Mr. Hafen's claim was, as the trial court held, barred by 28 U.S.C. Sec. 2501, which provides that every claim within the jurisdiction of the Court of Federal Claims shall be barred unless the claim is filed within six years after the claim first accrues. At the latest, Mr. Hafen's claims accrued on May 28, 1982, when the final decision of the IBLA was rendered. His action in the Court of Federal Claims was filed January 22, 1992, nearly ten years later. It has been repeatedly held that the six-year statute of limitations is a jurisdictional requirement, attached by Congress as a condition of the Government's waiver of sovereign immunity and must be strictly construed. See Hart v. United States, 910 F.2d 815, 817 (Fed.Cir.1990) (citing Soriano v. United States, 352 U.S. 270, 273 (1957)).[1]
 
 III.
 
 6
 Mr. Hafen's principal argument in this appeal is that in the proceedings in the Department of Interior, the administrative judge did not apply constitutional principles and that "all of the facts were not allowed to be presented." If Mr. Hafen had elected to appeal the IBLA decision to a district court, he could have raised these contentions in a district court. Because he failed to pursue that remedy, Mr. Hafen waived the right to thereafter challenge the administrative decision on the validity of his claims. The Court of Federal Claims has no power to overrule or to ignore the decision of the Department of Interior. Freese v. United States, 221 Ct.Cl. 963, 964 (1979), also involved a suit to recover just compensation for the taking of unpatented mining claims. In declaring that it had no jurisdiction of the action, the court stated:
 
 
 7
 We do not, however, have the particular power to overturn the Interior Department's conclusion that 26 of the mining lode claims allegedly owned by plaintiff and all of the millsite claims do not qualify as "claims" under 30 U.S.C. Sec. 22 et seq. (1976), nor can we ignore such an administrative conclusion. Congress has chosen to place authority to review these decisions of the Secretary of the Interior in the United States District Courts.
 
 
 8
 For the reasons stated, the decision of the Court of Federal Claims is in all respects affirmed.
 
 
 
 [1]
 In Bath Iron Works v. United States, 20 F.3d 1567, 1572 n. 2 (Fed.Cir.1994), this court called attention to the Supreme Court's recent decision in Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990), wherein the Supreme Court, while acknowledging its holding in Soriano, nevertheless held that the rule of equitable tolling applies to suits against the Government. However, this court noted that Irwin could be reconciled with the Soriano line of decisions, because tolling is not the same as waiving. We do not need to decide the effect of the Irwin decision, because equitable tolling is not an issue in this case