In this suit plaintiff Robert Propst seeks damages based upon the Government’s alleged contract and alleged breach. Defendant has moved to dismiss the petition as failing to state a claim within this court’s jurisdiction. Plaintiff has not responded and the allotted time has long expired. There has been no oral argument.
Plaintiff alleges in his petition that in December 1975 he entered into an agreement with certain agents of the Department of Justice in which he agreed to testify at a criminal trial in exchange for funds that would have allowed him to relocate himself and his family and to set up a business. According to the petition, the plaintiff had previously been told that he would not have to appear as a witness at a trial based on an attempted jury tampering incident about which he had informed some Federal Bureau of Investigation agents. The plaintiff says that since December 1975 he has been threatened and harassed and has lost his livelihood; he implies that these difficulties arose as a result of the failure to abide by the alleged agreement with the Government. He does not, however, assert either that he did in fact give testimony or that anyone was brought to trial for the alleged jury tampering. Also, he does not assert that the agreement was in writing or had a written component.
Because this case is controlled by our order in Doe v. United States, 224 Ct. Cl. 632 ((1980), we need not tarry over possible pleading infirmities in the petition. Doe held that (1) no statute or regulation, expressly or by implication, establishes a legal right that claimants be paid anything under the Witness Protection Program; (2) no binding contract rights are created under the Witness Protection Program; and (3) the officials in that case who were alleged to have entered into an agreement with that plaintiff were *537 not shown to have had actual authority to do so. Because present plaintiff appears to say that he had a binding contract right on the basis of statements made to him by particular persons, we stress the last of these holdings— absence of authority in the government personnel alleged to have made the agreement. Department of Justice Order OBD 2110.2, dated January 10, 1975, entitled "Witness Protection and Maintenance Policy and Procedures,” specifically provided (para. 7(d)):
"Investigative Agents and Attorneys are not Authorized to make representations to witnesses regarding funding, protection or relocation.
* * * * *
Representations or agreements made without authorization will not be honored by the U.S. Marshals Service.” [emphasis in original]
The petition names the individuals who are alleged to have made promises to plaintiff under the Witness Protection Program as Special Agenct Edward O’Brien and Mike Growney of the Federal Bureau of Investigation, and Gary Cornwall (not otherwise identified except as an agent of the United States Department of Justice). We have, and have been given, no reason to believe that these persons were otherwise than investigative agents or attorneys who were expressly deprived of authorization by the regulations to make such promises or representations. Even if, despite Doe, a contract could be created by an authorized official, plaintiff does not aver, and we have no reason to believe, that such was the case here.
Accordingly, it is ordered that defendant’s motion to dismiss is granted and the petition is dismissed.