This action is brought against the United States for damages for breach of an alleged implied contract arising from the Department of Justice’s Witness Protection Program under the Organized Crime Control Act, Pub. L. No. 91-452, title V, §§ 501, 504, 84 Stat. 933 (1970). Defendant moves to dismiss plaintiffs petition on the ground that it fails to state a claim within the jurisdiction of this court. Defendant is correct; this court has no jurisdiction.
Plaintiffs petition alleges the following facts: In 1972, plaintiff was incarcerated in the New Jersey State Penitentiary, having been convicted of second degree murder. The Department of Justice arranged with New Jersey correction authorities to have plaintiff released from the New Jersey prison to the custody of the U. S. Attorney General so that plaintiff could serve as government witness and informer in several drug corruption investigations against key organized crime figures as well as corrupt government officials. According to plaintiff, Justice advised him that upon his release from prison, he would continue to serve his New Jersey prison sentence time. Additionally, after his witness service he would be given a new identity and "a chance at a new life and a spotless background.” And, also, plaintiff claims he was promised that he and his family would be relocated under new identities, and that they would be given money and low interest loans through the Small Business Administration to assist plaintiff in setting up a new business. The Department of Justice did negotiate with the New Jersey authorities to have plaintiffs original sentence of 20-25 years commuted to 7-10 years and he was released from custody for time served. Plaintiff was given a new birth certificate, social security card and driver’s license in the name of "August Moon.” He had previously been known as Alexander Randolph, Dickey Diamond, and Mr. Wiggles.
Three courts are put forward by plaintiff describing three instances in which defendent allegedly breached its implied *752 contract with plaintiff. In Count I, plaintiff claims that Assistant United States Attorney David De Petries breached the implied contract to guard plaintiffs true identity by giving information about plaintiff to author Donald Goddard whose nonfiction book entitled Easy Money was published in 1979 and referred to plaintiffs three prior aliases.
In Count II plaintiff alleges that Senior Assistant U. S. Attorney Raymond A. Carpenter requested plaintiffs assistance as a witness in the retrial of a major organized crime figure. When plaintiff expressed reluctance and conditioned his participation upon assurance of a new birth certificate, Carpenter allegedly became angry and abusive and threatened issuing a subpoena for plaintiff to appear at the retrial. The subpoena was issued.
And in Count III plaintiff claims that in 1979 Carpenter went before a federal grand jury to obtain a criminal indictment against plaintiff pursuant to 18 U.S.C. § 922(h)(1) which makes it unlawful for a person who has previously been convicted of a felony to receive a firearm which has been transported in interstate commerce. Carpenter allegedly sought the indictment on the basis of information he received from the Richmond, Virginia, Bureau of Police, whose officers had observed a gun in plaintiffs car when plaintiff was stopped for a traffic violation. Carpenter also allegedly revealed to the grand jurors the fact that August Moon was the same person as Alexander Randolph. Later the grand jury indictment against plaintiff was captioned, "United States of America v. August Moon, a/k/a Dickey Diamond and Alexander Randolph.” Plaintiff claims that in seeking the indictment against plaintiff, Carpenter violated Department of Justice guidelines which require the U. S. Attorney’s office to report any and all possible or probable criminal actions involving persons in the witness protection program to the head of the program before any action is taken. Plaintiff seeks judgment against defendant in the amount of $1,000,000 with interest and costs.
As defendant has correctly argued in its motion to dismiss, this court has repeatedly held that participants in the Witness Protection Program have no contractual rights *753 with the United States of a nature to be enforceable in this court. Doe v. United States, 224 Ct.Cl. 632 and cases cited at p. 635; Festa v. United States, 225 Ct.Cl. 661 (1980); and Propst v. United States, 226 Ct.Cl. 535 (1980). No such contractual rights are created because no statute or regulation, expressly or by implication, establishes a legal entitlement that claimants be paid anything under the Witness Protection Program. Therefore, plaintiff has not stated a claim within the jurisdiction of this court when he seeks contractual remedies against the U. S. Government under the Witness Protection Program.
In opposition to defendant’s motion to dismiss, plaintiff seeks to distinguish Doe, Festa, and Propst, supra, from the claim he has put forward here. Plaintiff makes the argument that in those cases this court held only that participants in the Witness Protection Program have no right to be paid for their participation. And plaintiff claims that he is not seeking pay for participating in the program. Rather, he asserts that defendant’s agents breached the government’s agreement to maintain the confidentiality of plaintiffs identity and as a result, plaintiff claims he is entitled to be compensated for damages suffered.
This effort by plaintiff to distinguish his claim cannot succeed. Plaintiff has so narrowly construed our previous holdings that he in effect has misconstrued them. When we held that participants in the program have no contractual rights with the United States enforceable by this court, we meant any and all contract damages, not just direct financial support. Plaintiff Moon’s claims do not differ substantially from those of other former witnesses who had relied on various promises made by government agents. The petitions of plaintiffs Doe, Festa, etc., were dismissed, not because of the specific benefits they sought, but because their claims were based on the breach of alleged compacts or agreements that this court has no power to enforce. The absence of entitlement to money damages in cases of this kind is now considered in a published opinion, Kania v. United States, ante at 458, 650 F.2d 264, cert. denied, 454 U.S. 895 (1981). Therefore, plaintiff Moon’s petition must also be dismissed.
*754 Accordingly, it is ordered, upon consideration of the motion, without oral argument, that defendant’s motion to dismiss be and it is granted. The petition is dismissed.