per curiam:
The plaintiff, Roger Young, was a participant in the federal government’s Witness Protection Program, under which the United States agreed to pay and provide protection to persons who assisted the government in the prosecution of criminal cases. He and his wife have filed a petition (which they call a complaint) seeking damages of more than $23 million, based upon the government’s alleged violation of its agreements with the plaintiff, Roger Young, under the program. The plaintiffs invoke the jurisdiction of this court under the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671-2680 (1976 & Supp. III 1979). The defendant has moved to dismiss on the ground that the plaintiffs have not stated a claim within the jurisdiction of the court. We agree, and dismiss the suit.
Under the Tort Claims Act only the district courts, and not this court, have jurisdiction over claims under that Act. 28 U.S.C. §1346(b) (1976). Moreover, our general jurisdictional statute, the Tucker Act, limits our jurisdiction to *902 "cases not sounding in tort.” 28 U.S.C. §1491 (1976 & Supp. III 1979). Finally, we have held consistently and repeatedly that participants in the Witness Protection Program cannot maintain a suit in this court based upon the government’s alleged breach of agreement to compensate them under that program. This is because the making of payments under the program is discretionary with the government officials operating the program, and no statute creates any enforceable right to payment under the program that is enforceable by suit in this court. McFarland v. United States, 228 Ct. Cl. 819 (1981); Moon v. United States, 227 Ct. Cl. 750 (1981); Propst v. United States, 226 Ct. Cl. 535 (1980); Festa v. United States, 225 Ct. Cl. 661 (1980); Doe v. United States, 224 Ct. Cl. 632 (1980).
The defendant’s motion to dismiss is granted, and the petition (complaint) is dismissed.