40 F.3d 1250
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Herbert J. NEFF, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5135.
 United States Court of Appeals, Federal Circuit.
 Oct. 20, 1994.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Dec. 9, 1994.
 
 Before ARCHER, Chief Judge, NEWMAN and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Herbert J. Neff appeals the May 5, 1994 order of the United States Court of Federal Claims dismissing his complaint as barred by the statute of limitations, 28 U.S.C. Sec. 2501 (Supp. V 1993), and the June 3, 1994 order of the same court denying his motion for reconsideration. We affirm.
 
 
 2
 * Mr. Neff's complaint states that he testified before a Federal Grand Jury in 1965, and before a United States District Court in 1967, on behalf of the United States in an organized crime case. In return for his testimony, Neff states that the United States arranged a change of identity for him and assisted him in gaining employment in 1966. The United States, however, failed to accomplish Neff's change of identity with regard to his college record. In his true identity, Neff had graduated with honors from Harvard University. The Harvard records were not changed to the new Neff identity until 1986, after Neff complained to a Congressman that the government had failed to accomplish the change of identity on his college records.
 
 
 3
 In 1970, Neff was laid off from the job he first obtained under his new identity. Thereafter, Neff encountered difficulty obtaining employment at the level for which he considered himself qualified, given his employment record and his Harvard honors record. Neff's complaint charges that the failure to change his Harvard record to his new identity in a timely fashion impaired his employment opportunities in the amount of $1,571,000. Neff's complaint does not sound in contract, but instead pleads a "violation of the Plaintiff's civil rights, under the Takings Clause of the Fifth Amendment to the U.S. Constitution."
 
 II
 
 4
 The Court of Federal Claims held that all the elements of Neff's claim existed as of the date Neff first learned that his Harvard record had not been changed, in 1976. Neff's May 4, 1994 complaint was thus time-barred by the six year statute of limitations under section 2501. On appeal here, Neff disagrees with that holding, and asserts instead that the statute of limitations began to run on his claim on July 1, 1986, when he received a Harvard degree under his new identity. Neff contends that the statute was then tolled while he sought monetary relief from the United States Marshals Service, an agency within the Department of Justice that administers the Witness Protection Program. Neff asserts that his efforts to obtain administrative redress were finally thwarted on May 6, 1988, in a letter he received from the Marshals Service stating that it owed Neff no obligation. Citing Johnson v. United States, 527 F.2d 1209, 189 U.S.P.Q. 65 (Ct.Cl.1975), Neff contends that his complaint is thus not time-barred under section 2501.
 
 III
 
 5
 The Court of Claims, the decisions of which bind panels of this court, South Corp. v. United States, 690 F.2d 1368 (Fed.Cir.1982) (in banc), "repeatedly held that participants in the Witness Protection Program have no contractual rights with the United States of a nature to be enforceable in this court." Moon v. United States, 227 Ct.Cl. 750, 752-53 (1981) (order). Participants in the Witness Protection Program obtain no enforceable rights against the United States because Congress has specified that the terms and conditions under which the government operates the program are entirely at the unrestricted discretion of the Attorney General. Young v. United States, 230 Ct.Cl. 901, 902 (1982). "[D]eterminations regarding eligibility for participation in the [Witness Protection] Program and the range of benefits to be afforded those who are permitted to participate, are a completely discretionary function with the named officials [who administer the Program]. No statutory obligation is imposed on those officials to provide the assistance they are authorized to furnish, in their judgment. Doe v. United States, 224 Ct.Cl. 632, 635 (1980).
 
 
 6
 With respect to the statute of limitations, the Court of Federal Claims was correct in holding that Neff's claim had ripened fully in 1976 when he learned of the failure to change the Harvard records. This is so because he then had the basis to assert that his failure to obtain appropriate employment was the result of the situation at Harvard. Even on Neff's view of the statute, however, his action is time-barred. Our precedent holds that the statute of limitations is not tolled by the pursuit of a permissive administrative remedy. See Alder v. United States, 785 F.2d 1004, 1008-09 (Fed.Cir.1986) (time consumed in pursuit of permissive administrative remedy does not toll statute of limitations on takings claim). The Johnson case cited by Neff is not to the contrary; it merely holds that section 2501 bars a claim filed more than six years after completion of an administrative remedy process. Because Neff has not established that the government has an enforceable obligation to him, his pursuit of administrative relief necessarily involved a permissive remedy. Such pursuits do not toll the statute of limitations, and Neff's complaint cannot withstand section 2501.