Nick AUSTIN and Karen Worthington, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 00–603C.

United States Court of Federal Claims.

Feb. 28, 2002.

David A. Shaw, Seattle, WA, for plaintiffs.

Alan J. Lo Re, Washington, DC, with whom was Assistant Attorney General Robert D. McCallum, Jr., for defendant.

## ORDER

MILLER, Judge.

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). Although defendant's motion is cast as one pursuant to RCFC 12(b)(1), dismissal for lack of subject matter jurisdiction, the Federal Circuit has held that "for the Court of Federal Claims to have jurisdiction, a valid contract must only be pleaded, not ultimately proven." *Total Med. Mgmt. Inc. v. United States,* 104 F.3d 1314, 1319 (Fed.Cir.1997); *accord Spruill v. Merit Systems Protection Bd.,* 978 F.2d 679, 686 (Fed.Cir.1992). Thus, although the court has jurisdiction over claims "founded" upon any express or implied contract with the Government, defen-

dant's motion challenges whether the facts alleged constitute an actionable claim. Defendant's motion consequently will be treated as a motion addressing the merits under RCFC 12(b)(4). Argument is deemed unnecessary.

## FACTS

Nick Austin ("plaintiff Austin") [1] worked as an undercover informant for the Federal Bureau of Investigation (the "FBI"). Plaintiff Austin provided grand jury testimony resulting in the conviction of several organized crime members in the Boston, Massachusetts area. In exchange for plaintiff Austin's work with law enforcement, the United States Marshall Service (the "USMS") promised to protect plaintiff and his family. The USMS entered plaintiff Austin and his wife into the Witness Security Program (the "WSP") in November 1994.

At the time plaintiff Austin entered the WSP, he alleges that the USMS made the following additional promises: that (1) he would be entitled to child visitation twelve times a year at the Government's expense; (2) the Government would reimburse plaintiff for damages sustained to his property as a result of transporting the property to a new location; and (3) the USMS would pay plaintiff's living expenses, as well as a monthly stipend.

Plaintiff Austin alleges that these promises were made "as part of" the WSP. Plaintiff Austin alleges that the failure to perform these promises constitutes a breach of contract and seeks monetary damages in an amount to be determined at trial.[2]

## DISCUSSION

When a federal court reviews the sufficiency of the complaint, it follows "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *accord New Valley Corp. v. United States,* 119 F.3d 1576, 1579 (Fed. Cir.1997). Under RCFC 12(b)(4), the court must accept as true the facts alleged in the complaint, *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999), and must indulge all reasonable inferences in favor of the non-movant, *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995) (holding courts obligated "to draw all reasonable inferences in plaintiff's favor"). Therefore, a motion under RCFC 12(b)(4) must be denied if relief can be granted "under any set of facts that could be proved consistent with the allegations." *NOW v. Scheidler,* 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).

The statutory authority for the WSP is set forth in Chapter 224 of Title 18 of the United States Code. Under the WSP the Attorney General "may" provide for the relocation and other protection of witnesses and their families. 18 U.S.C. § 3521(a) (1994 & Supp. V 1999). The Attorney General's broad discretion to provide protection includes the authority to "provide housing for the person," "provide for the transportation of household furniture and other personal property to a new residence of the person," "provide to the person a payment to meet basic living expenses," and "provide other services necessary to assist the person in becoming self-sustaining." *Id.* § 3521(b)(1)(B)–(D), (F). The Attorney General, in turn, has delegated the administration of the WSP to the USMS. 28 C.F.R. § 0.111(c) (2001).

Section 3521(a)(3) establishes that no contractual obligation, express or implied, can ever arise out of a promise made in connection with the WSP. Section 3521(a)(3) provides: "The United States and its officers and employees shall not be subject to any civil liability on account of any decision to provide or not to provide protection under this chapter." In the area of witness protec-

---

1. Karen Worthington, plaintiff Austin's wife, is also named as a plaintiff in this action. The amended complaint does not indicate whether she alleges that she is a party to a contract with the Government, a third-party beneficiary, or otherwise.

2. The complaint does allege a violation of 28 U.S.C. § 1491(a) (1994 & Supp. V 1999), but does not specify whether plaintiff's bases his claim on a contract or a statute. The court discusses both.

tion, then, the Government is not subject to civil liability for a promise to provide protection or financial support related to the WSP.

The WSP was created by the Organized Crime Control Act of 1970, Pub.L. 91–452, §§ 501–04, 84 Stat. 933–34, which gave the Attorney General broad discretion to provide for the security of government witnesses. Although lacking a disclaimer of civil liability similar to section 3521(a)(3), the United States Court of Claims repeatedly held that "participants in the Witness Protection Program have no contractual rights with the United States of a nature to be enforceable in this court." *Moon v. United States,* 227 Ct.Cl. 750, 752–53, 1981 WL 21432 (1981); *accord Doe v. United States,* 224 Ct.Cl. 632, 638, 1980 WL 99681 (1980) (stating that "Congress has never indicated that expenditures under this Program, or other discretionary programs, should arise out of contract relationships rather than from the discretionary authority delegated to selected administrators by statute and regulation," and reasoning in alternative that Government personnel alleged to have made agreement were denied any authority to bind Government by regulation); *Festa v. United States,* 225 Ct.Cl. 661, 663, 1980 WL 99656 (1980) (disposing of case as controlled by *Doe*); *Propst v. United States,* 226 Ct.Cl. 535, 536–37, 1980 WL 99715 (1980) (following *Doe* and concluding no binding contract rights created under WSP and that Government personnel alleged to have made agreement had no actual authority to do so); *see also Kania v. United States,* 227 Ct.Cl. 458, 466, 650 F.2d 264, 269 (1981) (discussing WSP as program in which no specific authority exists to make agreement obligating United States to pay money); *McFarland v. United States,* 228 Ct.Cl. 819, 820, 1981 WL 21495 (1981) (same).

The 1970 act was repealed by the Witness Security Reform Act of 1984, Pub.L. 98–473, §§ 1207–10, 98 Stat. 2153–63, which enacted the current code provisions. The 1984 act, however, reaffirmed the basic principles underlying the 1970 act. *See* S. REP. NO. 98–225, at 407–08 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3545–46. Congress "concluded that the language used in the [1970 act] may be inadequate to describe what is necessary to effectively relocate endangered witnesses and to ensure their security" and gave "greater statutory recognition" to the techniques and procedures developed by the Attorney General under the 1970 act. *Id.* at 3546. No indication is present that Congress disapproved of, or sought to alter, Court of Claims precedent that promises made in connection with the WSP would not create contractual obligations. Instead, by enacting section 3521(a)(3), Congress codified this rule.

■ Plaintiff Austin's amended complaint pleads that the USMS, as part of the WSP, made promises regarding visitation rights for his child, reimbursement of any damages to his property because of his move, and payment of a stipend. The express operation of section 3521(a)(3), however, precludes his claim, as does the long-standing rule that no contractual obligation arises out of promises made in connection with the WSP.

Plaintiff Austin does not address section 3521(a)(3) in his brief, but, rather, attempts to distinguish this case from defendant's authorities. Plaintiff argues that "[t]he cases relied on by the government in support of this motion deal with cases in which agents of the government allegedly made oral contracts when they had no authority to do so," Pls' Br. filed Dec. 28, 2001, at 1, whereas his case involves a written "Memorandum of Understanding" (the "MOU") that he alleges the USMS was authorized to execute. Plaintiff Austin is correct that the USMS has the authority to execute the MOU. While that authority is set forth at 28 U.S.C. § 3521(d)(1), section 3521(a)(3) precludes liability for "any decision to provide or not to provide protection under this chapter." The statute applies to "any decision" without regard to the mode of agreement and contains no exception for decisions embodied in the MOU.

The cases cited above do not support plaintiff Austin's reading: They did not turn on the mode of offer and acceptance, but on the authority of the Government to make binding promises under the WSP. While plaintiff Austin's general allegation of authority usually would be sufficient to avoid dismissal, this is not a usual case. The existence of authority in this case is precluded by statute, to the end that under no set of facts can plaintiff

establish a contractual or statutory obligation in relation to the WSP.

Plaintiff Austin also argues that dismissal is premature because he has not obtained the MOU through discovery. The court has ruled that the existence of the MOU does not alter the determination that no authority exists to bind the Government. Indeed, the existence of the MOU confirms that the basis of plaintiff Austin's complaint is a "decision to provide or not to provide protection" under section 3521.

### CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss is granted, and the Clerk of the Court shall dismiss the amended complaint with prejudice for failure to state a claim.

**IT IS SO ORDERED.**

No costs.